Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Petitioner *v*. John J. Kohn, Respondent.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*J. Leonard Langan*, Counsel, with him, *James J. Fitzgerald, III*, Chief Counsel, for petitioner.

*Victor Dell'Alba, Dell'Alba, Heim & LeCates*, for respondent.

OPINION BY JUDGE BLATT, March 12, 1982:

The Pennsylvania Liquor Control Board (LCB) seeks review of a decision of the Board of Claims (Board) which granted benefits under the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. §637, to John J. Kohn, the respondent herein.

The respondent filed a claim against the LCB alleging that he was temporarily totally disabled by a heart condition which he incurred while in the course of his employment as an enforcement officer for the LCB. On March 15, 1979, the Board took testimony from the respondent as well as from a medical witness for the LCB and the respondent's attorney indicated that he also wished to submit the deposition of another medical witness, Dr. Lisan. That deposition was received by the Board on September 24, 1980, and on November 19, 1980 the Board issued an opinion and order granting benefits on the grounds that the respondent suffered from a heart condition which was incurred in the course of his employment with the LCB. This petition for review followed.

The LCB contends that the Board erroneously admitted into evidence and relied upon the deposition of Dr. Lisan, because that deposition had been prepared for an adjudication before another agency[1] and the LCB was never given notice of the deposition as required by Pa. R.C.P. No. 4007.1, nor an opportunity to cross-examine the doctor. It is argued that this case should be remanded to the Board to take additional competent medical evidence.

The respondent does not deny the LCB's contention that it was not given notice of the deposition nor an opportunity to cross-examine Dr. Lisan. Yet it is fundamental that such notice must be given so that opposing counsel may examine a witness, and the failure

---

[1] The State Employees' Retirement Board.

of the respondent to notify the LCB of the time and place for the taking of Dr. Lisan's deposition consequently renders that deposition inadmissible.

Inasmuch as we believe that the Board clearly erred in considering the medical testimony of Dr. Lisan, we will reverse the award of benefits and remand the matter to the Board so that it may take additional medical evidence.

ORDER

AND Now, this 12th day of March, 1982, the order of the Board of Claims in the above-captioned matter is reversed and remanded for further disposition in accordance with the foregoing opinion.

Judge PALLADINO did not participate in the decision in this case.