575 A.2d 675

**Raymond E. LOPATIC, Appellant,**

v.

**SWATARA TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 2, 1990.

Decided June 8, 1990.

Petition for Allowance of Appeal
Denied Nov. 15, 1990.

Anthony C. Busillo, II, Harrisburg, for appellant.

David A. Wion, Harrisburg, for appellee.

Before DOYLE and PALLADINO, JJ., NARICK, Senior Judge.

PALLADINO, Judge.

Raymond E. Lopatic (Appellant) appeals from an order of the Court of Common Pleas of Dauphin County (trial court) quashing Appellant's petition for review of Swatara Township's (Township) decision which terminated Appellant's Heart and Lung Act [1] (HLA) benefits.

Appellant was employed as a police officer by the Township. On November 21, 1986, Appellant was injured while responding to a police call. Appellant's injury prevented him from performing his duties as a police officer since the date of his injury.

At the request of the Township, Appellant was examined by Dr. William B. Bush, who submitted a written report to the Township on October 7, 1988. On November 23, 1988, Appellant received written notice that the Township's Board of Commissioners was scheduling an informal hearing for December 7, 1988 to determine if Appellant was:

[I]njured in such a fashion as to be unable to perform the normal duties of a police officer; if so, the Board will consider removing you from the Township Police Force with an honorable discharge due to physical disability affecting your ability to continue in service [2].... In the event the Board makes a determination to honorably

1. Section 1 of the Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. § 637.

2. Section 644 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, added by Section 20 of the Act of May 27, 1949, P.L.1955, *as amended*, 53 P.S. § 55644, permits the honorable discharge of a police officer who is physically or mentally unable to perform his duties.

discharge you should be advised that any benefits that you are currently receiving under the Heart and Lung Act (53 P.S. § 637(a)) will also be terminated.

The informal hearing was held as scheduled on December 7, 1988. Dr. Bush appeared at this hearing and made comments to the Board, but was not under oath. Appellant's counsel attempted to question Dr. Bush, but in keeping with his prior statement that the Board would not be receiving witnesses, testimony, or cross examination, the board chairman refused to permit Appellant's counsel to fully question Dr. Bush.

On December 15, 1988, the Township issued what it called a "formal adjudication required pursuant to the provisions of the Heart and Lung Act and the Local Agency Law" terminating Appellant's HLA benefits.[3] Appellant filed an appeal of the purported formal adjudication with the trial court, alleging that the adjudication was legally, procedurally and constitutionally defective and had to be set aside. The Township filed a motion to quash the appeal, arguing that it was first necessary for Appellant to appeal the adjudication to the civil service commission. The trial court granted the motion to quash. Appellant appealed to this court.

▪ Where the trial court takes no additional evidence, our scope of review of local agency decisions is limited to determining whether the adjudication is in violation of the constitutional rights of the Appellant, in accordance with the law, in conformance with local agency procedures, and whether all necessary findings of fact are supported by substantial evidence. *Drennan v. City of Philadelphia, Board of Pensions and Retirement*, 106 Pa.Commonwealth Ct. 262, 525 A.2d 1265 (1987).

The threshold issue on appeal is whether the trial court properly quashed the petition of the Appellant seeking

---

**3.** Finding of fact 13 of the adjudication states in part that Appellant was "honorably discharged from service as an officer of the Swatara Township Police Force pursuant to the First Class Township Code, Article VI, § 644(1) as of December 14, 1988."

review of Township's termination of Appellant's HLA benefits.

The Township argues that the trial court properly quashed Appellant's appeal because he failed to seek review of his discharge from the civil service commission, and that a pretermination hearing is all that is constitutionally required under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

Appellant asserts that the Township cannot use the dismissal provision of section 644 of the Code to terminate his HLA benefits, because this procedure does not give Appellant the full scope of due process rights he is entitled to prior to termination of the HLA benefits. Appellant argues that *Loudermill* is inapplicable because the continuation of his benefits pending a full hearing did not pose an administrative danger or threat, and that the Pennsylvania Supreme Court requires a full hearing prior to termination of HLA benefits. *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981).

■ We conclude that a full hearing under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, is required when termination of a police officer for inability to continue in service as a result of a physical or mental disability will also result in termination of HLA benefits. An officer terminated because of a mental or physical disability could have been disabled as a result of a non-work related injury as well as a work-related injury. If the injury is not work related, termination without a prior hearing affects no property right other than the right to continue in the job. The procedure set forth in section 644 of the Code has been determined to be adequate in such cases. *See Venneri v. Moon Township Board of Supervisors*, 53 Pa.Commonwealth Ct. 456, 417 A.2d 1326 (1980).

However, when a police officer has been injured on the job, and is receiving HLA benefits, his termination pursuant to section 644 of the Code not only affects his right to employment, it affects his right to continued HLA benefits,

a constitutionally protected property right. The Pennsylvania Supreme Court had an opportunity to determine the process necessary prior to termination of HLA benefits in *Callahan,* 494 Pa. 461, 431 A.2d 946 (1981). In *Callahan* the court held that a unilateral decision to terminate HLA benefits made by the state police medical officer and an official of the state workmen's insurance fund was not a valid adjudication because it failed to give notice and an opportunity to be heard, under the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704. We conclude that if the requirements of the Administrative Agency Law must be applied when a state agency is terminating HLA benefits, the Local Agency Law must be applied when a local agency terminates HLA benefits. The Township implicitly accepts this position, because when it issued the adjudication it stated "pursuant to the provisions of ... the Local Agency Law." *Loudermill* established *minimum* standards for due process under the federal constitution. *Callahan* established more stringent standards of due process under the state constitution. We are bound by *Callahan.*

This conclusion is consistent with the broader legislative objective of providing compensation to injured workers. In effect, HLA benefits are a form of workmen's compensations payments. Under Section 413 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 771–774.2, benefits cannot be terminated until a full hearing is held on the petition to modify. Likewise, a full hearing should be required when HLA benefits are to be terminated.

Accordingly, we vacate the order of the trial court, order the reinstatement of Appellant's HLA benefits effective December 14, 1988, and remand to the trial court for proceedings consistent with this opinion.

Former President Judge CRUMLISH did not participate in the decision in this case.

## ORDER

AND NOW, June 8, 1990, the order of the Court of Common Pleas of Dauphin County is vacated. Benefits payable under 53 P.S. § 637 are reinstated effective December 14, 1988. The above-captioned matter is remanded to the Court of Common Pleas of Dauphin County for proceedings consistent with the opinion.

Jurisdiction relinquished.

DOYLE, Judge, concurring.

I join with the majority in holding that Officer Lopatic's benefits under the Heart and Lung Act [1] (HLA) should not be terminated without a full due process pretermination hearing that would include notice, the opportunity to be heard and the right "to cross-examine witnesses, to introduce evidence on his own behalf, and to make argument," *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 465, 431 A.2d 946, 948 (1981). I will write separately only to indicate that such a hearing could have been afforded Officer Lopatic by the Township's civil service commission under Sections 644 and 645 of the First Class Township Code, [2] had the Township, although finding that he was unable to perform his duties, not terminated his HLA benefits until after such a due process fair hearing was held. In other words, the Township's error was in "automatically" terminating Officer Lopatic's HLA benefits, not in chosing the procedural route to find the officer physically unable to continue as a police officer. Had Officer Lopatic not appealed the formal adjudication of December 15, 1988 to the Commission, then, and only then, would a separate hearing under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, have been required.

1. Section 1 of the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637.

2. Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55644, 55645. Both sections were added by Section 20 of the Act of May 27, 1949, P.L.1955.