582 A.2d 710

**John F. WYDRA, Appellant,**

v.

**SWATARA TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided Nov. 13, 1990.

Anthony C. Busillo II, Law Firm of Gary M. Lightman, Harrisburg, for appellant.

David A. Wion, Reynolds, Bihl, Wion and Trace, Harrisburg, for appellee.

Before DOYLE and SMITH (P.), JJ., and SILVESTRI, Senior Judge.

DOYLE,[1] Judge.

This is an appeal by John F. Wydra from an order of the Court of Common Pleas of Dauphin County which granted Swatara Township's (Township) motion to quash the appeal to it on the basis that the adjudication of the Township Civil Service Commission had been improperly appealed under the provisions of the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, rather than Sections 644 and 645 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §§ 55644–55645.[2] The Local Agency Law provides, *inter alia*, that no final order by a local agency affecting property rights is valid as to a party unless the party has been afforded reasonable notice of the action and an opportunity to be heard. It also guarantees the right of cross-examination and mandates that the agency's decision be in writing and contain findings of fact and

1. This case was reassigned to the opinion writer on August 7, 1990.
2. These Sections were added by Section 20 of the Act of May 27, 1949, P.L. 1955.

reasons for the decision. The definition of "local agency" encompasses both a township board of commissioners and a local civil service commission. *See* 2 Pa.C.S. § 101.

Section 644 of The First Class Township Code permits, *inter alia,* a Township to honorably discharge a police officer for "physical or mental disability affecting his ability to continue in service" and the Code allows an appeal from such an action to the Township's Civil Service Commission. Section 645 of the Code sets forth the procedure to be followed:

If the person suspended, removed or reduced in rank shall demand a hearing by the [civil service] commission, the demand shall be made to the commission. Such person may make written answers to any charges filed against him not later than the day fixed for hearing. The commission shall grant him a hearing which shall be held within a period of ten days from the filing of charges in writing unless continued by the commission for cause at the request of the township commissioners or the accused. At any such hearing, the person against whom the charges are made may be present in person and by counsel. *The township commissioners,* or the chief of police when the township commissioners are not in session, *may suspend any such person without pay pending the determination of the charges against him, but in the event the commission fails to uphold the charges, then the person sought to be suspended, removed or demoted shall be reinstated with full pay for the period during which he was suspended, removed or demoted,* and no charges shall be officially recorded against his record. (Emphasis added.)

This case is procedurally somewhat confusing but the salient facts are as follows. On August 3, 1985, Wydra, who had been employed as a Township police officer, was injured in the line of duty. From that day forward he was employed only intermittently. From the date of his injury until sometime in January 1988, the Township paid him benefits pursuant to the Act of June 28, 1935, P.L. 477, *as*

*amended,* 53 P.S. §§ 637–638, (Heart and Lung Act), for the periods when he did not work. The Heart and Lung Act provides that certain individuals, including township police officers, who are injured in the performance of their duties, and by reason thereof are *temporarily* incapacitated from performing those duties are to be paid full salary until the disability ceases. Wydra's last period of intermittent work ended on January 21, 1988, when he again went off-duty. Subsequent to that date, the Township apparently refused to reinstate the payment of Heart and Lung Act benefits to Wydra. At this time Wydra did not formally request a hearing on the discontinuance of these benefits but, according to his answer to the Township's motion to quash, asked that his "workmen's compensation" be reinstated. Wydra's benefits under The Pennsylvania Workmen's Compensation Act,[3] of course, would be something less than his full salary benefits paid under the Heart and Lung Act. On June 2, 1988, the Township Board of Commissioners (Board) notified Wydra that it was going to schedule a "hearing" on June 6, 1988 for purposes of determining whether Wydra was injured in the line of duty, whether his incapacity was still temporary or was now permanent, and whether he should be honorably discharged due to a physical disability affecting his ability to do his job.

The Township admits in its brief that this hearing was a pre-termination hearing "as required by *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)," [4] not a full-fledged due process hearing, because Wydra was not permitted to introduce his own evidence on the medical issues nor was he permitted to

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

4. *Loudermill* mandates that *before* an employee with a property interest in his job can be dismissed he must be given notice of the charges, an explanation of the employer's evidence and an informal opportunity to present his side of the story. This pre-termination hearing is merely an initial check against a mistaken decision and it need not resolve definitively or finally the propriety of the discharge. We have adopted the *Loudermill* rule in the context of a *state* civil service case. *See Adamovich v. Department of Public Welfare,* 95 Pa.Commonwealth Ct. 22, 504 A.2d 952 (1986).

cross-examine the Township's witnesses. Subsequent to this hearing, the Board, on June 8, 1988, adopted a resolution honorably discharging Wydra "due to a physical disability preventing him from performing the normal duties of a police officer." The resolution did not specifically address the discontinuance of Heart and Lung Act benefits. The Board then, on June 9, 1988, sent a letter to Wydra advising him that if he wished to contest the "findings of the Board" and the discharge he could request a hearing before the Civil Service Commission. Wydra did so. Subsequent to a hearing which both parties agree was a full due process hearing, the Civil Service Commission, in a February 10, 1989, decision found Wydra's disability to be permanent and upheld his discharge. And, while there was no specific mention of the Heart and Lung Act benefits in its adjudication, the practical effect of the Civil Service Commission's decision was to preclude any further Heart and Lung Act benefits because, as noted, such benefits may be paid only where the police officer is temporarily disabled, not permanently disabled.

Wydra appealed to the common pleas court from the adverse decision of the Civil Service Commission. He took his appeal pursuant to the provisions of the Local Agency Law on the theory that under *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981), his Heart and Lung Act benefits could not be terminated without a full due process hearing *first* being conducted. *Callahan* involved the termination of Heart and Lung Act benefits to a *state* police officer and held that those benefits could not be validly terminated without a full due process hearing first being conducted under the provisions of the *Administrative* Agency Law, 2 Pa.C.S. §§ 501–508, 701–704. Because Wydra is a Township police officer his hearing, assuming *Callahan* controls, would be conducted pursuant to the provisions of the *Local* Agency Law, not the Administrative Agency Law. For our purposes here we hold that there is no substantive difference between the two laws nor their applicability to the police officers, whether state or local,

who are provided for under the Heart and Lung Act, and further hold that *Callahan* is controlling.

Wydra also contends that the *Callahan* rule applies to his dismissal action. He, thus, maintains that because his initial hearing before the Board did not comprise a full due process one, *both* his dismissal and the termination of his Heart and Lung Act benefits were unconstitutional.

In his petition to the common pleas court, Wydra stated that he was filing a statutory appeal pursuant to the Local Agency Law and Section 933 of the Judicial Code, 42 Pa.C.S. § 933 (pertaining to, *inter alia*, appeals from local agencies). The Township filed a motion to quash the appeal contending that Wydra improperly filed his appeal pursuant to the Local Agency Law when it was in fact governed by the First Class Township Code. As alternative relief, the Township asked the court to treat Wydra's appeal as one taken pursuant to the First Class Township Code, but it did not bother to explain what alternative relief it sought or what legal theory it was arguing to the trial court. In any event the trial court granted the motion to quash and the appeal to our Court ensued.

Before considering the question of whether the trial court properly granted the motion to quash, we believe it is helpful to observe that this is not just a dispute as to whether Wydra cited to the correct law when appealing to the trial court. Depending upon which law controls, substantive rights are affected. To place the arguments in perspective: If the First Class Township Code's provisions apply Wydra could be validly dismissed and his Heart and Lung Act benefits validly terminated *prior to* a due process hearing as long as the Board first had a *Loudermill* hearing (which it did). The argument to the contrary, however, is that if the *Callahan* rule, as engrafted onto the Local Agency Law, applies, the dismissal as well as the termination of Heart and Lung Act benefits would not be valid prior to the time a full due process hearing was conducted. Wydra would thus be entitled to recoup either

backpay or Heart and Lung Act benefits for the period from January 21, 1988 (the date Wydra last worked) up until February 10, 1989 (the date a valid adjudication comporting with the due process requirements of the Local Agency Law was rendered) regardless of whether the dismissal was upheld and the benefits were terminated pursuant to a subsequent due process hearing. Or, there is the third possibility, that because of the nature of the different property rights involved, it may be more correct to apply the Local Agency Law to the Heart and Lung Act benefits and the First Class Township Code to the dismissal action precisely because different rights *are* involved. Bearing this in mind, we now turn to the question of whether the trial court properly granted the motion to quash.

In granting the motion the trial court found controlling another Dauphin County Common Pleas Court decision, *Lopatic v. Swatara Township,* (No. 118 S 1989, filed June 5, 1989). An understanding of the facts and the applicable law in that case is important for comparison here. In *Lopatic* the police officer was afforded only a *Loudermill* type hearing by the Township Board of Comissioners which resulted in his honorable discharge and the discontinuance of Heart and Lung Act benefits. He was advised that if he wished to contest the Board's findings and discharge he could appeal to the Civil Service Commission. He did *not* appeal to the Commission, as Wydra did here. Instead, he appealed directly to the common pleas court seeking to have the Board's decision vacated. The Township filed a motion to quash which the trial court granted after concluding that the matter was governed by the First Class Township Code because:

> The First Class Township Code ... specifically sets forth the procedure to be followed when challenging a decision granting the honorable discharge. The aggrieved party must request a hearing before the Civil Service Commission and then an appeal from that decision will be taken to the Common Pleas Court.

The trial court held this way despite the fact that Heart and Lung Act benefits were terminated by the Township's decision without affording Lopatic a due process hearing. On appeal, however, we vacated [5] the lower court's order and remanded the case for further proceedings. We wrote:

> We conclude that a full hearing under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, is required when termination of a police officer for inability to continue in service as a result of a physical or mental disability *will also result in termination of [Heart and Lung Act] benefits.* An officer terminated because of a mental or physical disability could have been disabled as a result of a non-work related injury as well as a work-related injury. If the injury is not work related, termination without a prior hearing affects no property right other than the right to continue in the job. The procedure set forth in section 644 of the [First Class Township] Code has been determined to be adequate in such cases. See *Venneri v. Moon Township Board of Supervisors,* 53 Pa.Commonwealth Ct. 456, 417 A.2d 1326 (1980).

> However, when a police officer has been injured on the job, and is receiving [Heart and Lung Act] benefits, his termination pursuant to section 644 of the Code not only affects his right to employment, it affects his right to continued [Heart and Lung Act] benefits, a constitutionally protected property right. The Pennsylvania Supreme Court had an opportunity to determine the process necessary prior to termination of [Heart and Lung Act] benefits in *Callahan....* In *Callahan* the court held that a unilateral decision to terminate [Heart and Lung Act] benefits made by the state police medical officer and an official of the state workmen's insurance fund was not a valid adjudication because it failed to give notice and an opportunity to be heard, under the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704. We conclude that if the requirements of the Administrative Agency Law

5. *Lopatic v. Swatara Township,* 133 Pa.Commonwealth Ct. 431, 575 A.2d 675, 677–78 (1990). Perhaps our order in *Lopatic* should have said reversed.

must be applied when a state agency is terminating [Heart and Lung Act] benefits, the Local Agency Law must be applied when a local agency terminates [Heart and Lung Act] benefits.

*Lopatic,* 133 Pa.Commonwealth Ct. at 434–435, 575 A.2d at 677. (Citations omitted and emphasis added.)

Thus, we concluded, that while the right merely to continue in one's employment is not such that it gives rise to a constitutionally protected property right, and may be terminated without a due process hearing, the receipt of Heart and Lung Act benefits, *is* such a property right to the recipient, and these benefits may not be terminated without affording the recipient police officer a due process hearing. *Lopatic* is, therefore, controlling on whether or not the *Callahan* rule applies to the termination of Heart and Lung Act benefits.[6] Furthermore, *Lopatic* is also controlling by necessary implication with regard to Wydra's dismissal, although it is in some ways distinguishable from this case because in *Lopatic* the *only* hearing afforded Lopatic was before the Board and was not a due process hearing. In Wydra's case, while the Board's hearing was only a *Loudermill* type hearing, the subsequent hearing by the Civil Service Commission comported with all the due process requirements of the Local Agency Law. And because under *Loudermill* and *Adamovich* the dismissal action was procedurally proper, Wydra is not entitled to *backpay* for the period prior to the Civil Service Commission's upholding of his dismissal.

In summary, therefore, *Callahan* dictates that the initial termination of Heart and Lung Act benefits was improper. But, as of the date of the Civil Service Commission's order, the determination to terminate Heart and Lung Act benefits became a procedurally valid one under *Calla-*

6. We express our stern disapproval of both counsel in this appeal who are the same two who litigated *Lopatic* in our Court. Both cite to the trial court's decision in *Lopatic.* Neither has complied with Pa.R.A.P. 2501(b) by notifying this Court that we vacated the trial court's order in an opinion and order filed June 8, 1990.

*han.*[7] Accordingly, as to the period from January 21, 1988 until February 10, 1989, Heart and Lung Act benefits must be reinstated. *See Lopatic; Callahan.*[8] With respect to the propriety of the honorable discharge, and correspondingly, the propriety of termination of Heart and Lung Act benefits subsequent to the Civil Service Commission adjudication, those matters are yet to be determined by the trial court in the appeal from the Civil Service Commission's adjudication of February 10, 1989.

Based upon the foregoing opinion, we reverse the trial court's order granting the motion to quash and remand for the trial court to consider the merits of Wydra's appeal.

## ORDER

NOW, November 13, 1990, the order of the Court of Common Pleas of Dauphin County in the above captioned

7. We observe that there could be a question as to whether the Civil Service Commission has jurisdiction to decide Heart and Lung Act matters. See *Lopatic,* 133 Pa.Commonwealth Ct. 431, 575 A.2d 675, 678 (1990) (Doyle, J., concurring). The difficulty is that while the Heart and Lung Act creates a substantive right and *Callahan* requires a due process hearing before Heart and Lung Act benefits can be terminated, no statute creates a specific tribunal for adjudicating Heart and Lung Act questions. They have thus been adjudicated (without a subject matter jurisdiction challenge) in various forums. *See e.g., Pennsylvania Liquor Control Board v. Kohn,* 65 Pa.Commonwealth Ct. 300, 442 A.2d 47 (1982) (adjudicated by the Board of Claims); *Cunningham v. Pennsylvania State Police,* 510 Pa. 74, 507 A.2d 40 (1986) (adjudicated by a State Police Heart and Lung Hearing Panel). The jurisdiction of the Civil Service Commission to decide Heart and Lung Act questions in the context of this case is not only unchallenged, but Wydra in his petition to the common pleas court asserted that the Civil Service Commission is "an agent of and/or instrumentality of the Township responsible for determining, *inter alia,* the entitlement of police officers to benefits under the Pennsylvania Heart and Lung Act ... as well as their continued fitness for duty." Paragraph 3 of petition. While we are not called upon to decide the issue here, we believe that the Commission can, at least in the context of a discharge for medical reasons, provide a proper forum for a *Callahan* hearing on the Heart and Lung Act question.

8. While Wydra did not "formally" appeal the discontinuance of his Heart and Lung Act benefits, it is not disputed that he did indicate to the Township that he wanted his "workmen's compensation" reinstated. We hold that this was sufficient to preserve his rights.

matter is hereby reversed and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

SMITH, Judge, concurring.

I concur in the result which the majority has reached in the matter *sub judice.* However, I write separately to express disagreement with portions of the majority opinion.

Swatara Township (Township) asserted in its motion to quash the appeal that John F. Wydra (Wydra) improperly filed his petition for review under the Local Agency Law, 2 Pa.C.S. §§ 551–555, 751–754, rather than under Section 645 of The First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. § 55645, which provides the procedures for challenging a dismissal of an officer by the township board of commissioners. Under Section 645, an aggrieved officer must first appeal a dismissal to the Township Civil Service Commission. It is not disputed in this case that Wydra timely filed an appeal from his dismissal to the Township Civil Service Commission (Commission) satisfying Section 645 requirements. The parties also agree that although Wydra's Heart and Lung benefits were terminated without affording him a full due process hearing as mandated under *Callahan v. Pennsylvania State Police,* 494 Pa. 461, 431 A.2d 946 (1981), the Commission's adjudication issued subsequent to its hearing satisfied procedural requirements under the Local Agency Law.

Section 645 provides that an aggrieved officer from the decision of the township civil service commission "shall have immediate right of appeal to the court of common pleas." Further, Section 752 of the Local Agency Law provides:

Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court

vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedures).

2 Pa.C.S. § 752. The definition of "local agency" encompasses a local civil service commission. 2 Pa.C.S. § 101. Also, there is no dispute that the Commission's decision was a valid final adjudication to invoke the trial court's jurisdiction under the Local Agency Law. *Callahan.·*

The Township's motion to quash Wydra's petition for review does not raise the question of the trial court's jurisdiction as it did in *Lopatic v. Swatara Township*, 133 Pa.Commonwealth Ct. 431, 575 A.2d 675 (1990). Rather, it is the Township's contention here that The First Class Township Code and not the Local Agency Law should govern the instant matter. Since the trial court clearly had jurisdiction to review the local agency's action, its grant of the Township's motion to quash was improper and consequently must be reversed on that ground alone.

I agree with the majority that depending upon which law controls, substantive rights of the officer will be affected as this Court held in *Lopatic*. However, I do not believe that for this Court's disposition of the instant matter, it is appropriate or necessary to review and discuss the merits of Wydra's appeal to the trial court, particularly with reference to Wydra's entitlement to backpay for the period prior to the Commission's adjudication. I would simply reverse the trial court's grant of the motion to quash and remand this matter to the trial court for further proceedings consistent with the applicable law.