621 A.2d 1111

Darlene Waldor WISNIEWSKI, (Costa), Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(CITY OF PITTSBURGH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 20, 1991.

Decided Feb. 9, 1993.

404

Edward J. Abes, for petitioner.

Jay Costa, Jr., for respondent.

Before DOYLE and SMITH, JJ., and BLATT, Senior Judge.

DOYLE, Judge.

This is an appeal by Darlene Waldor Wisniewski Costa (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which denied Claimant's request for rehearing. Claimant had sought a rehearing from the Board after it upheld a referee's decision to terminate her benefits under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

The pertinent facts are as follows. From November 1979 until August 8, 1982, Claimant was employed by the City of Pittsburgh (Employer) as a police officer. On August 8, 1982 Claimant sustained a work-related injury to her arm, knee and back. Employer, who is self-insured, issued a notice of compensation payable dated August 17, 1982. The notice indicated, *inter alia,* that Claimant's weekly disability rate was $263.91; that that rate was based upon an average weekly wage of $395.86; that payments began on August 9, 1982, for

an injury occurring on August 8, 1982; and that they would be made biweekly. Under a section on the form of the notice of compensation payable labeled "Remarks" the following statement appeared: "Claimant is a police officer, he [sic] will receive full salary in lieu of compensation."

On December 18, 1986, Employer filed a termination petition contending that Claimant was no longer disabled from her work-related injury. Based upon the deposition of Employer's doctor, the referee determined that Claimant was fully recovered and could return to her time-of-injury job without restriction. He thus granted the termination petition. Claimant appealed and the Board affirmed in an order dated July 26, 1989. Thereafter, on December 21, 1990, Claimant timely petitioned the Board for a rehearing.[1] In her rehearing petition Claimant alleged that because she was receiving her full rate of salary "in lieu of workmen's compensation benefits" and because "she had never actually received workmen's compensation benefits," those benefits could not be terminated until she actually began receiving them. In her petition she cited as authority for her position *City of Scranton v. Workmen's Compensation Appeal Board (Stone)*, 123 Pa.Commonwealth Ct. 310, 552 A.2d 1183, *petition for allowance of appeal denied*, 522 Pa. 614, 563 A.2d 499 (1989), and *City of Scranton v. Workmen's Compensation Appeal Board (Walsh)*, 127 Pa.Commonwealth Ct. 89, 560 A.2d 937 (1989).

Thereafter, the Board, in an opinion dated April 1, 1991, denied the petition for rehearing, opining that *Stone* held only that an employer could not modify benefits for a one-year period where it had agreed to pay the Claimant his wages in lieu of compensation during that year. The Board further stated that *Stone* was "never intended to prevent [an employer] from terminating compensation based upon a recovery merely because the Claimant received 100% of his 'wages' pursuant to the Heart and Lung Act." It is significant that

1. Claimant's petition for rehearing was brought within eighteen months of the Board's original order. Therefore, it tolled the eighteen month period in which the Board must act to grant a rehearing. *See Rice v. Workmen's Compensation Appeal Board (Rockwell International Corp./ Spring Division)*, 138 Pa.Commonwealth Ct. 555, 588 A.2d 1011 (1991).

this Board adjudication was the first place that it was explained or recognized that the "salary" alluded to in the notice of compensation payable was actually the benefits Claimant was entitled to receive under Section 1 of what is colloquially referred to as the Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637. There appears to be no dispute, however, that it was in fact Heart and Lung Act benefits which Claimant was receiving.

█ Claimant appealed the Board's denial of reconsideration to this Court.[2] We are now asked to decide whether the Board abused its discretion in denying the rehearing on the basis that the referee could not terminate workmen's compensation benefits when Claimant never actually received those benefits in the first place.

We note initially that although the issue presented here was first raised in the petition for rehearing, there is no waiver as it raises a question of subject matter jurisdiction which can be first considered at any phase of the proceedings. *Rice.*

Before reaching the question of whether the referee could terminate the workmen's compensation benefits in this case, it is helpful to review the substance of the Heart and Lung Act. Section 1 of that act provides for certain types of employees, including local police officers, to receive their "full rate of salary" if they are *temporarily* disabled due to a work-related injury. The Act also provides that any workmen's compensation benefits the employee receives or collects while receiving Heart and Lung Act benefits are to be turned over to the employer. If this is not done then the employer is to deduct that amount from the employee's salary which the employer pays under the provisions of the Heart and Lung Act.

In the instant case Employer is self-insured for workmen's compensation purposes. Accordingly, when it began making payments pursuant to the notice of compensation payable two-thirds of the monies Claimant received represented workmen's compensation benefits. However, as indicated on the notice of

2. Claimant did not appeal the underlying Board order disposing of the merits of the case.

compensation payable, Claimant was entitled to receive her full salary as Heart and Lung Act benefits. The City, as a self-insured Employer, would hardly reimburse itself for that portion of Claimant's benefits that represented benefits under the Workmen's Compensation Act. It is this fact which distinguishes this case from *Walsh* and *Stone* where no workmen's compensation benefits were ever received by the claimants for that period of time against which the petitions of Employer to suspend/terminate/modify were to be applied.[3]

The workmen's compensation referee in this case had jurisdiction only to terminate the workmen's compensation benefits and that is all his adjudication did. Employer, however, unilaterally ceased payments of *all* monies to Claimant apparently believing that the referee's order allowed it to do so. We hold, however, that Claimant's Heart and Lung Act benefits could not be terminated without a hearing, *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981), and such a hearing cannot be that which takes place under the Workmen's Compensation Act. This Court has never held that workmen's compensation authorities have jurisdiction over Heart and Lung Act benefit claims. To the contrary, case law has always suggested that such proceedings are separate. *See, e.g., Stanger v. Borough of West View*, 33 Pa.D. & C. 247 (1938) (volunteer firemen had right to file suit in assumpsit for medical benefits under the Heart and Lung Act in common pleas court in its original jurisdiction without first

3. While in *Walsh* and *Stone* the employer, City of Scranton, was self-insured, as a check of the paperbooks in those cases confirms, inexplicably no workmen's compensation benefits were ever paid to the claimants in those cases during the period the City attempted to modify or terminate benefits. We held in both cases that *workers' compensation* benefits could not be modified until a claimant began to receive such benefits. What the claimants had been receiving were Heart and Lung Act benefits.

As for *Brown v. Workmen's Compensation Board of Review (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 31, 578 A.2d 69 (1990), *petition for allowance of appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991), which is relied upon by Employer, the question of the Board's authority to adjudicate Heart and Lung Act questions was not in issue. The case held only that because of certain proofs unique to that case, workmen's compensation benefits should have been suspended, not terminated.

resorting to the Workmen's Compensation Appeal Board); *Hardiman v. Department of Public Welfare,* 121 Pa.Commonwealth Ct. 120, 550 A.2d 590 (1988) (state mental hospital employee seeking benefits under what is colloquially known as Act 534,[4] a statute granting benefits similar to those given under the Heart and Lung Act, was not required to file, in addition, a workmen's compensation claim).

The error here was not with the referee or the Board and, hence, we uphold the denial of a rehearing. The error was with Employer's mistaken belief that the termination order extended to the Heart and Lung Act benefits. Since it did not, we advise Employer to reinstate those benefits, *i.e.,* Claimant's full salary, immediately until a proper termination hearing can be held under *Callahan.*[5]

The issue which then presents itself is *who can* adjudicate the termination of Heart and Lung Act benefits. As this Court has previously observed, the legislature has not designated a forum to adjudicate such matters. *See Wydra v. Swatara Township,* 136 Pa.Commonwealth Ct. 164, 174 n. 7, 582 A.2d 710, 715 n. 7 (1990). Consequently, many tribunals have been implicitly sanctioned by this Court as having jurisdiction, depending upon the particular employer in the case. *See generally id.*[6] Such forums have included: the Board of Claims[7] (liquor enforcement officer who wanted to obtain

4. The Act of September 2, 1961, P.L. 1224. This act covers certain Department of Public Welfare employees and county boards of assistance workers who are injured by their patients/clients. It had its genesis in the Act of December 8, 1959 P.L. 1718 which covers employees of state penal and correctional institutions who are injured by the act of an inmate. Under both acts benefits totalling the employee's full salary are allowed for a temporary disability.

5. We are cognizant that Employer may be able to assert collateral estoppel on the issue of Claimant's medical recovery at the time of the Heart and Lung Act hearing. *See Kohut v. Workmen's Compensation Appeal Board (Township of Forward),* 153 Pa.Commonwealth Ct. 382, 621 A.2d 1101 (1993).

6. For a more complete discussion of this problem, see Debra Punsky Rand, *Pennsylvania's Heart and Lung Act: All Substance—No Forum,* 2 Widener J.Pub.L. 43 (1992).

7. *Kohn v. Kaplan,* 31 Pa.Commonwealth Ct. 166, 375 A.2d 1356 (1977).

Heart and Lung Act benefits should go to Board of Claims); the State Police Heart and Lung Panel[8] (state police attempting to terminate trooper's benefits); an arbitration panel[9] (where borough police officer was seeking to recover equivalent of his "full salary" under Heart and Lung Act, arbitration panel should interpret what is meant by "salary" under the collective bargaining agreement); the common pleas court[10] (question of whether injured police chief was entitled to Heart and Lung Act benefits determined by common pleas court); and, a local civil service commission[11] (local commission may have *ancillary* jurisdiction over Heart and Lung Act claim in case where there is a dismissal for medical reasons). It is interesting that the Workmen's Compensation Appeal Board, the agency which is arguably the best equipped in terms of its expertise to adjudicate Heart and Lung Act questions, has never been held to possess the requisite jurisdiction to do so.[12] Unfortunately, we can find nothing in either the Heart and Lung Act or the Workmen's Compensation Act which would authorize such a holding. And, as a creature of statute, the Board can have no greater powers than those given it by the legislature. *Department of Environmental Resources v. Butler County Mushroom Farm*, 499 Pa. 509, 454 A.2d 1 (1982). Accordingly, we are forced to conclude that jurisdiction of the instant Heart and Lung Act question is not with the Board.

**8.** *See, e.g., Cunningham v. Pennsylvania State Police,* 510 Pa. 74, 507 A.2d 40 (1986); *Hasinecz v. Pennsylvania State Police,* 100 Pa.Commonwealth Ct. 622, 515 A.2d 351 (1986), *petition for allowance of appeal denied,* 516 Pa. 636, 533 A.2d 94 (1987).

**9.** *Huffman v. Borough of Millvale,* 139 Pa.Commonwealth Ct. 349, 591 A.2d 1137 (1991).

**10.** *City of DuBois v. Beers,* 120 Pa.Commonwealth Ct. 103, 547 A.2d 887 (1988).

**11.** *Wydra,* 136 Pa.Commonwealth Ct. at 174 n. 7, 582 A.2d at 715 n. 7. A similar statement was also made in *Lopatic v. Swatara Township,* 133 Pa.Commonwealth Ct. 431, 436, 575 A.2d 675, 678 (Doyle, J., concurring), *petition for allowance of appeal denied,* 525 Pa. 665, 583 A.2d 794 (1990).

**12.** We are not suggesting, because of the immense volume of cases the worker's compensation referees, and Board, already are burdened with, that the system is equipped to accept any additional caseload.

Who then *can* adjudicate this question? We believe that under *Camaione v. Borough of Latrobe,* 113 Pa.Commonwealth Ct. 113, 536 A.2d 500 (1988), *rev'd on other grounds,* 523 Pa. 363, 567 A.2d 638 (1989), *cert. denied,* 498 U.S. 921, 111 S.Ct. 298, 112 L.Ed.2d 251 (1990), the City of Pittsburgh itself is so empowered. In *Camaione,* the Commonwealth Court held that where a borough had unilaterally cut off a claimant's Heart and Lung Act benefits by involuntarily retiring him as a cost-cutting measure, a due process violation had occurred and that the remedy was a remand to The Borough for a hearing.[13] Although the Supreme Court reversed our decision, it did so on the basis that because the involuntary retirement was for economic purposes and proper under Section 1190 of the Borough Code, 53 P.S. § 46190, no due process hearing on the Heart and Lung Act question was required. Important for our purposes was that the Supreme Court did not take issue with our ruling that *if* a hearing had been required, the Borough could have conducted it. By analogy we believe that the City of Pittsburgh, another municipality, would also have such authority. *Accord Sidlow v. Township of Nether Providence,* 153 Pa.Commonwealth Ct. 390, 621 A.2d 1105 (1993).

In summary, we acknowledge that the Board has broad powers to grant a rehearing "when justice requires." *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988). Here, however, the referee's termination of workmen's compensation benefits is in accordance with the law and is in no way contrary to *Cudo.* Thus, we can perceive no abuse of discretion and, accordingly, we will affirm the Board's determination to deny rehearing.

13. Section 553 of the Local Agency Law, 2 Pa.C.S. § 553, states that "no adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, is identical, except that it applies to Commonwealth agencies.

## ORDER

NOW, February 9, 1993, the order of the Workmen's Compensation appeal Board in the above-captioned matter is hereby affirmed.

BLATT, Senior Judge, and SMITH, J., concur in the result only.