621 A.2d 1142

**CIVIL SERVICE COMMISSION OF SEWICKLEY BOROUGH, Appellant,**

**v.**

**David GOLDMAN, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 20, 1992.

Decided Feb. 11, 1993.

464

Charles M. Means, for appellant.

Ronald P. Koerner, for appellee.

Before COLINS, and KELLEY, JJ., and LORD, Senior Judge.

COLINS, Judge.

The Sewickley Borough Civil Service Commission (Commission) appeals from an order of the Court of Common Pleas of Allegheny County (Common Pleas Court) which vacated the Commission's affirmance of a decision by the Sewickley Borough Council (Council), terminating the employment of David Goldman (Goldman), and terminating Goldman's benefits under what is commonly known as the Heart and Lung Act[1] (HLA).

Goldman was employed as a police officer in Sewickley Borough (Borough) from September 29, 1979, until he sustained two work-related injuries on September 5 and September 9, 1984, respectively. On January 4, 1985, the Borough police chief sent a memorandum to Goldman asking him to report for light duty work on January 7, 1985. Goldman, allegedly upon his attorney's advice, never reported for this duty and continued on disability status for over a year.

The record indicates that in February 1986, Goldman received a letter dated February 13, 1986 from the Borough mayor advising Goldman that because of his failure to respond to the light duty job offered him on January 4, 1985, and because of the grant of a supersedeas petition suspending Goldman's worker's compensation benefits as of January 6, 1986, the Borough was suspending both his employment and "Borough supplied fringe benefits effective immediately." The February 13 letter also advised Goldman that his employment status would be ultimately determined at the regular monthly Council meeting to be held on February 17, 1986 in

1. Section 1 of the Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637, which provides that certain categories of employees, including police officers, can receive their full salary if found to be temporarily disabled because of a work-related injury.

Council chambers. Subsequently, by letter dated February 18, 1986, the Borough notified Goldman that the Council, at its February 17 meeting, had voted to immediately terminate him from the Borough police department pursuant to Section 1190(2) of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46190(2). The reasons cited for Goldman's termination were his failure to return to work and his failure to accept the light duty job offered to him. After a civil service hearing held on April 29, 1986, the Commission, on October 3, 1986, affirmed Goldman's termination, because he had rejected the offered light duty job, and had become permanently disabled. Goldman appealed this decision to Common Pleas Court which issued an opinion and order on February 5, 1991 reversing the Commission's decision. On December 20, 1991, after reviewing a petition for reconsideration filed by the Commission, Common Pleas Court confirmed its initial decision vacating and setting aside the Commission's action. This appeal followed.

This Court's scope of review is limited to determining whether Common Pleas Court's findings are supported by substantial evidence and whether its order vacating the Commission's decision indicates any error of law. *Kohut v. Workmen's Compensation Appeal Board (Township of Forward and Old Republic Insurance Company)*, 153 Pa.Commonwealth Ct. 382, 621 A.2d 1101 (No. 2689 C.D.1990, filed February 9, 1993).

We first address whether substantial evidence supports Common Pleas Court's finding that, in violation of local agency law and procedures, Goldman was not given adequate notice and an opportunity to defend against the Borough's finding that he was permanently disabled, which finding warranted termination of his HLA benefits. Common Pleas Court found that Borough correspondence sent to Goldman omitted any written statement that he was terminated because of permanent disability. This, coupled with the Commission's apparent reliance on hearsay evidence and on the prior termination of Goldman's worker's compensation benefits, led Common Pleas Court to conclude that Goldman had been deprived of due

process of law.  In further comment on the hearsay questions raised, we note that Common Pleas Court not only disagreed with the Commission's treatment of certain deposition testimony as direct evidence rather than hearsay, but also concluded that termination of Goldman's worker's compensation benefits could not be deemed dispositive of his HLA entitlement. Since we agree with Common Pleas Court in this regard, we note that no discussion of the hearsay issue is necessary for resolution of this appeal.

The Commission argues that Common Pleas Court erred in disregarding substantial evidence it presented (specifically, Dr. Katz' deposition testimony during Goldman's worker's compensation hearing) which allegedly established that Goldman was physically able to perform light duty work.  Although admittedly hearsay, the foregoing testimony is, the Commission argues, admissible in the present context because it is corroborated by Goldman's own admissions that he "could type, answer calls, dispatch calls, drive a car and attend classes."  The Commission further contends that Goldman himself raised and established the issue of permanent disability and that, accordingly, no error was committed in finding him to be permanently, partially disabled.  Finally, the Commission alleges that Goldman received adequate pre-termination procedural due process as required by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), because, prior to termination, the Borough manager met with Goldman and warned him to return to work or be fired.  The Commission alleges that during the meeting, Goldman presented his arguments to the manager, detailed his disabilities and refused to return to work.  The Commission maintains that any procedural inadequacies of this pre-termination hearing were cured when Goldman received a "full-blown due process post-termination hearing" before the Commission.

We disagree and find substantial evidence exists to support Common Pleas Court's decision that the Borough made a unilateral decision to terminate Goldman's HLA benefits without giving him reasonable notice of its intended action or a procedurally adequate opportunity to be heard, as re-

quired by *Loudermill; Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981); *Wydra v. Swatara Township*, 136 Pa. Commonwealth Ct. 164, 582 A.2d 710 (1990); and, *Lopatic v. Swatara Township*, 133 Pa. Commonwealth Ct. 431, 575 A.2d 675, *petition for allowance of appeal denied*, 525 Pa. 665, 583 A.2d 794 (1990). In *Callahan*, 494 Pa. at 465, 431 A.2d at 948, our Supreme Court stated that a letter advising a state police officer he was no longer entitled to HLA benefits failed to "constitute a valid adjudication within the meaning of 71 P.S. § 1710.31 because it failed to comply with the statutory requirements of notice of a hearing and an opportunity to be heard."[2]

The *Callahan* situation is markedly analogous to that of Goldman, because, in each case, the police officer was notified of the termination of HLA benefits by letter before being afforded a hearing to determine the issue. Although in the present matter, as distinguishable from *Callahan*, the Borough sent Goldman an ostensible "notice" letter, when examined pragmatically, the letter sets forth Goldman's termination from the Borough payroll and termination of HLA benefits as faits accomplis and, only as an afterthought, mentions that "final determination of Goldman's employment status" would "be made at the regular monthly Council Meeting on February 17, 1986." As to the reasonableness of any notice given Goldman, it is unlikely that the four day period between the February 13 and February 17 letters constituted sufficient time to allow him to prepare "to cross-examine witnesses, to introduce evidence on his own behalf, and to make argument." *Callahan*, 494 Pa. at 465, 431 A.2d at 948. The Commission's contention that Goldman ultimately received a "full-blown" hearing before the Commission does not

2. 71 P.S. § 1710.31 has been repealed but was substantially reenacted at 2 Pa.C.S. § 504, which provides:

> No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded *reasonable notice of a hearing and an opportunity to be heard.* All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings. (Emphasis added.)

Section 553 of the Local Agency Law, 2 Pa.C.S. § 553 parallels the foregoing and is applicable to the present case.

cure the Borough's defective pre-termination notice, since the Commission's hearing focused on the "post-termination of benefits." This is clearly stated in *Wydra*, where this Court noted:

> [W]hile the right merely to continue in one's employment is not such that it gives rise to a constitutionally protected property right, and may be terminated without a due process hearing, the receipt of Heart and Lung Act benefits, *is* such a property right to the recipient, and these benefits may not be terminated without affording the recipient police officer a due process hearing.

*Wydra*, 136 Pa.Commonwealth Ct. at 173, 582 A.2d at 714.

In addition to the foregoing procedural defects, this Court also notes that whatever notice Goldman received from the Borough was substantively defective, in that none of the Borough letters stated that Goldman's permanent disability was the reason he was determined to be ineligible for HLA benefits.

█ Finally, we concur with the decision of Judge Penkower of Common Pleas Court in that the Borough's immediate suspension of "all Borough supplied fringe benefits" for Goldman was, at least in part, based on the grant of a supersedeas petition suspending Goldman's worker's compensation benefits as of January 6, 1986. That action clearly conflicts with several recent decisions of this Court. In *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 153 Pa.Commonwealth Ct. 403, 621 A.2d 1111 (1993), we stated that the adjudicative power of workmen's compensation authorities does not extend to claims for benefits under the Heart and Lung Act, and that "case law has always suggested that such proceedings are separate." *Id.* at 407, 621 A.2d at 1114. In fact, *Wisniewski* (filed after Common Pleas Court's opinion in the instant matter) emphasizes that a claimant is not required by statute to pursue his or her rights under the Workmen's Compensation Act as a prerequisite to HLA entitlement. This Court, in *Wisniewski*, recognized that other forums, depending upon the nature of the employer, have jurisdiction over HLA matters. Determining the proper fo-

rum for HLA matters was further explored in *Sidlow v. Township of Nether Providence*, 153 Pa.Commonwealth Ct. 390, 621 A.2d 1105 (1993), wherein we concluded that "the local municipality does have authority to conduct a hearing on a Heart and Lung Act issue," and that a "Township ... should conduct its hearing in accordance with Sections 551–555 of the Local Agency Law, 2 Pa.C.S. §§ 551–555," requiring that a claimant be given reasonable notice of a hearing and an opportunity to be heard prior to disposition. *Id.* at 396–97, 621 A.2d at 1108. *See Camaione v. Borough of Latrobe*, 113 Pa. Commonwealth Ct. 113, 536 A.2d 500 (1988), *rev'd on other grounds*, 523 Pa. 363, 567 A.2d 638 (1989), *cert. denied*, 498 U.S. 921, 111 S.Ct. 298, 112 L.Ed.2d 251 (1990).

In light of the foregoing discussion, the Borough failed to provide Goldman with adequate notice and, therefore, improperly terminated his HLA benefits. Accordingly, Common Pleas Court's order vacating the Commission decision terminating Goldman's employment and HLA benefits, is affirmed.

## ORDER

AND NOW, this 11th day of February, 1993, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.