BUREAU OF WORKERS' COMPENSATION, Petitioner

v.

WORKERS' COMPENSATION APPEAL BOARD (EXCALIBUR INSURANCE MANAGEMENT SERVICE), Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 2011.

Decided Nov. 17, 2011.

---

Erich M. Diehl, Harrisburg, for petitioner.

Donald T. Rogers, Wilkes–Barre, for respondent Excalibur Insurance Management Service.

BEFORE: LEADBETTER, President Judge, and PELLEGRINI, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and BROBSON, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

The Bureau of Workers' Compensation (Bureau) petitions for review of the February 8, 2011 order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) granting the petition of the City of Wilkes–Barre (Wilkes–Barre) for Supersedeas Fund Reimbursement. There are three issues for this Court's review: (1) whether the WCJ and the Board have subject matter jurisdiction to adjudicate Wilkes–Barre's request for Supersedeas Fund Reimbursement; (2) whether substantial evidence supports the conclusion that two-thirds of the monies paid to Claimant from July 25, 2007 through November 14, 2008 represented workers' compensation benefits; and (3) whether Wilkes–Barre met all of the criteria set forth in Section 443(a) of the Workers' Compensation Act[1] with respect to payments made from July 25, 2007 through November 14, 2008. For the following reasons, we affirm the order of the Board.

■ Eugene Rittel (Claimant) suffered a work injury on January 10, 2006 while working as a Wilkes–Barre police officer. As a result, Wilkes–Barre paid Claimant on-going compensation for his injury. On July 25, 2007, Wilkes–Barre filed a termination petition, which included a request for supersedeas, alleging that Claimant was fully recovered and able to return to work without restriction. Supersedeas was denied on September 11, 2007. On May 27, 2009, the WCJ granted the termination petition. No appeal was taken. On August 20, 2009, Wilkes–Barre filed a Petition for Supersedeas Fund Reimbursement. On May 24, 2010, the WCJ granted the petition. The Bureau appealed to the Board. On February 8, 2011, the Board affirmed the WCJ's order. The Bureau then appealed to this Court.[2]

■ The Bureau first argues that the WCJ and the Board did not have subject matter jurisdiction to adjudicate Wilkes–Barre's request for Supersedeas Fund Reimbursement because Claimant's compensation was paid pursuant to the Heart and Lung Act.[3] Specifically, the Bureau contends that pursuant to *Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 153 Pa.Cmwlth. 403, 621 A.2d 1111 (1993), the workers' compensation system cannot administer or adjudicate claims or remedies under the Heart and Lung Act, thus the Board did not have subject matter jurisdiction over this matter. We disagree with the Bureau's claim that the Board did not have subject matter jurisdiction over the matter.

Neither the Board nor the WCJ attempted to adjudicate a Heart and Lung issue. Rather, both confined their decisions and orders to the Workers' Compensation Act. Wilkes–Barre did not request Supersedeas Fund reimbursement for Heart and Lung benefits paid. It requested reimbursement of alleged workers' compensation benefits paid to Claimant for that period.

[I]t is helpful to review the substance of the Heart and Lung Act. Section 1 of that act provides for certain types of

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 999(a).

2. "This Court's review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence." *Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Consol. Freightways, Inc.)*, 876 A.2d 1069, 1071 n. 1 (Pa.Cmwlth.2005).

3. Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–638.

employees ... to receive their full rate of salary' if they are *temporarily* disabled due to a work-related injury. The Act also provides that any workmen's compensation benefits the employee receives or collects while receiving Heart and Lung Act benefits are to be turned over to the employer. If this is not done then the employer is to deduct that amount from the employee's salary which the employer pays under the provisions of the Heart and Lung Act.

*Wisniewski,* 621 A.2d at 1113. In *Wisniewski,* because the employer was self-insured, as here, two-thirds of the monies paid to the claimant represented workers' compensation benefits even though the Notice of Compensation Payable specifically stated that the claimant would be paid full salary under the Heart and Lung Act in lieu of workers' compensation benefits. Here, the issue before the WCJ and the Board was whether Wilkes–Barre is entitled to reimbursement for its portion of the payments made as workers' compensation benefits. Accordingly, the WCJ and the Board had subject matter jurisdiction.

The Bureau next argues that substantial evidence does not support the conclusion that two-thirds of the monies paid to Claimant from July 25, 2007 through November 14, 2008 represented workers' compensation benefits. Specifically, the Bureau contends that the proof of payment attached to Wilkes–Barre's Petition for Supersedeas Fund Reimbursement clearly shows that the payments made from July 25, 2007 to November 14, 2008 were entirely Heart and Lung benefits and

consisted of full wages. Heart and Lung benefits are not workers' compensation benefits, thus, the Bureau contends, Wilkes–Barre is not entitled to Supersedeas Fund reimbursement. We disagree with the Bureau's claim that Wilkes–Barre is not entitled to Supersedeas Fund reimbursement.

■ It is undisputed that Wilkes–Barre is self-insured for worker's compensation purposes. This Court has held that:

[Where an e]mployer is self-insured for [workers'] compensation purposes ... when it ... [makes] payments pursuant to the notice of compensation payable[,] two-thirds of the monies [a c]laimant receive[s] represent[s] [workers'] compensation benefits.[4] [Notwithstanding], as indicated on the notice of compensation payable, [a c]laimant [is] entitled to receive [his] full salary as Heart and Lung Act benefits.... [A] self-insured [e]mployer, [paying a claimant's full salary as required by the Heart and Lung Act] would hardly reimburse itself for that portion of [a c]laimant's benefits that represented benefits under the [Workers'] Compensation Act.

*Wisniewski,* 621 A.2d at 1113. Here, had Wilkes–Barre been insured by a third-party for worker's compensation purposes, Claimant would have received a check from the third-party insurance company which it would have had to forward to Wilkes–Barre, less attorney fees.[5] In that scenario, had the insurance company requested and been denied Supersedeas, it

---

4. Pursuant to Section 306(a) of the Workers' Compensation Act, 77 P.S. § 511, workers' compensation benefits for total disability shall be equal to "sixty-six and two-thirds per centum of the wages."

5. *See City of Phila. v. Workers' Comp. Appeal Bd. (Ford–Tilghman),* 996 A.2d 569 (Pa.

Cmwlth.2010) (wherein this Court held that when a claimant is entitled to both Heart and Lung benefits and Workers' Compensation benefits, a self-insured employer is required to pay claimant's attorney fees in addition to his Heart and Lung payments).

would be entitled to Supersedeas Fund Reimbursement after it was determined that the payments (to Claimant and forwarded to Employer) were not payable. In this case, Wilkes–Barre did not send Claimant an additional check, because Claimant would then have been required to return it. That should not, however, place Wilkes–Barre, *as the insurer,* at a lesser vantage point than a third-party insurer. Thus, we hold that, unless there is evidence to the contrary, as a matter of law, when an employer is self-insured for worker's compensation purposes, and it is required to pay Heart and Lung payments in addition to workers' compensation benefits, two-thirds of the amount paid automatically represents workers' compensation benefits.

■ The Bureau next argues that Wilkes–Barre did not meet all of the criteria set forth in Section 443(a) of the Workers' Compensation Act with respect to payments made from July 25, 2007 through November 14, 2008. Specifically, the Bureau contends that the Heart and Lung Act required Wilkes–Barre to pay Claimant's full salary from July 25, 2007 through November 14, 2008, regardless of whether supersedeas was denied, thus when supersedeas was denied, Wilkes–Barre still had a statutory obligation under the Heart and Lung Act to pay Claimant. Thus, the Bureau contends, Wilkes–Barre did not meet the criteria of Section 443(a) of the Workers' Compensation Act. We disagree.

Section 443(a) of the Workers' Compensation Act states in relevant part:

If, in any case in which a supersedeas has been requested and denied under the provisions of section 413 or section 430, payments of compensation are made as a result thereof and upon the final outcome of the proceedings, it is determined that such compensation was not, in fact, payable, the insurer who has made such payments shall be reimbursed therefor.

Here, supersedeas was requested and denied. In addition, as established above, two-thirds of the payments made by Wilkes–Barre represent workers' compensation benefits. Moreover, it was subsequently determined that workers' compensation benefits were not payable. Accordingly, Wilkes–Barre, as its own insurer, should be reimbursed for any payments made by it representing workers' compensation benefits.

For all of the above reasons, the Board's order is affirmed.

### ORDER

AND NOW, this 17th day of November, 2011, the February 8, 2011 order of the Workers' Compensation Appeal Board is affirmed.