IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Donna Cutter, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1170 C.D. 2021 |
| | : | Submitted: March 11, 2022 |
| Commonwealth of Pennsylvania | : | |
| (Workers' Compensation Appeal | : | |
| Board), | : | |
| Respondent | : | |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE ELLEN CEISLER, Judge
            HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                              FILED:  April 27, 2022


Donna Cutter (Claimant) petitions this Court for review of the October 19, 2021 order of the Workers' Compensation (WC) Appeal Board (Board), which affirmed the decision of a workers' compensation judge (WCJ) modifying Claimant's disability status based on the results of a February 26, 2019 impairment rating evaluation (IRE) conducted pursuant to Section 306(a.3) of the Workers' Compensation Act (WC Act).[1] Claimant asserts that she has not been paid the weeks

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714 No. 111 (Act 111), 77 P.S. § 511.3. Section 306(a.3) of the WC Act provides that a claimant who has received total disability benefits for 104 weeks must submit to an IRE conducted pursuant to the Sixth Edition (second printing April 2009) of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides), which calculates the claimant's degree of impairment due to the compensable injury.  If a claimant's whole-body impairment (WBI) rating is less than 35%, the claimant shall receive partial disability benefits pursuant to Section 306(b) of

**(Footnote continued on next page…)**

of total disability benefits necessary to trigger the IRE process under the WC Act. Rather, Claimant has only received compensation for a September 21, 2015 work injury pursuant to Section 1 of the Act of September 2, 1961, P.L. 1224, No. 534 (Act 534 benefits),[2] 61 P.S. § 951. Therefore, the WCJ erred in modifying her total disability benefits under the WC Act. Alternatively, Claimant argues that the February 26, 2019 IRE failed to consider all diagnoses relating to her work injury and it cannot support a modification of her total disability benefits. After careful review, we affirm.

## I. Background

The underlying facts in this matter are undisputed. Claimant sustained the September 21, 2015 work injury while in the course of her employment as a youth development aide at the South Mountain Secure Treatment Facility (Facility) operated by DHS (Employer), following an assault by a resident of the Facility. Certified Record (C.R.), Item No. 4, WCJ Decision, Finding of Fact (F.F.) No. 1. Employer accepted Claimant's work injury through issuance of a notice of compensation payable (NCP), which acknowledged that Claimant sustained injuries to her head, right eye, neck, and back. C.R., Item No. 21. The NCP acknowledged that Claimant would receive Act 534 benefits in lieu of compensation under the WC Act. *Id.* The description of Claimant's injury was later amended to include facial

the WC Act. Section 306(b) of the WC Act limits a claimant's receipt of partial disability benefits to 500 weeks. 77 P.S. § 512.

[2] Act 534 amended the Act of December 8, 1959, P.L. 1718. Section 1 of Act 534 relevantly provides that an employee of a youth development center operated by the Pennsylvania Department of Human Services (DHS) who is injured in the course of employment shall receive her full salary "until the disability arising therefrom no longer prevents" her return to work at the salary she earned at the time of injury. 61 P.S. § 951. Any compensation "received or collected" under the WC Act during the period in which an employee receives Act 534 benefits "shall be turned over to the Commonwealth and paid into the General Fund[.]" *Id.*

contusions, concussion, post-concussion syndrome, tinnitus, a deviated septum, post-traumatic stress disorder (PTSD), trigeminal neuralgia "and/or atypical face pain," central auditory processing disorder, damage to Claimant's right cochlea, and mild bilateral hearing loss.[3] C.R., Item No. 15 at 6; Item No. 16, Conclusion of Law (C.O.L.) No. 2; Item No. 17 at 4.

Based on the February 26, 2019 IRE performed by Scott Naftulin, M.D., which assigned Claimant a WBI rating of 26%, Employer filed a petition seeking to modify Claimant's total disability benefits under the WC Act. C.R., Item No. 2. Claimant did not file a response to Employer's modification petition.

Claimant testified before the WCJ on October 21, 2019 that she continues to receive treatment for her PTSD and "occipital neuralgia." C.R., Item No. 10, Notes of Testimony (N.T.), 10/21/19, at 12-13. On "good days[,]" Claimant is able to drive, shop at the store, and perform chores. *Id.* at 18. However, Claimant's PTSD frequently prevents her from leaving the home, and she suffers from headaches and vision problems. *Id.* at 18-19. She does not feel capable of returning to her pre-injury job or of working in any capacity. *Id.* at 19.

Dr. Naftulin testified at depositions held on January 6, 2020, and August 24, 2020. C.R., Item Nos. 19-20. He related Claimant's relevant medical history, as reported to him by Claimant, and as reflected in her medical records. Naftulin deposition, 1/6/20, at 15-17, 22. At the time of Dr. Naftulin's evaluation, Claimant complained of right-sided occipital pain, hearing loss, and tinnitus. *Id.* at 17. She reported a diagnosis of "right occipital neuralgia[,]" for which she received treatment from a neurologist. *Id.* at 16, Ex. No. 2. Claimant's mental status during the

---

[3] The parties stipulated to some of Claimant's additional diagnoses in agreements executed on March 21, 2017, and October 8, 2018, which a WCJ, Thomas Kutz (Judge Kutz), adopted in decisions circulated on April 6, 2017, and January 11, 2019. C.R., Item Nos. 15, 17.

evaluation was appropriate and she did not appear to be in any stress. Naftulin deposition, 1/6/20, at 19. Her physical examination was mostly normal, although Claimant had a positive Romberg sign, indicating a difficulty with balance, mild limitation in the range of motion in her cervical spine, and intermittent tremors in her upper extremities. *Id.* at 20-21. Based on the results of his physical examination and review of Claimant's medical records, Dr. Naftulin opined that Claimant had reached maximum medical improvement (MMI) with respect to her work injury, and he assigned Claimant a WBI rating of 26%. *Id.* at 22-23, 26. From that total, 11% related to Claimant's visual impairment, 2% to her residual headaches, and 10% for PTSD. *Id.* at 27-30. Because Claimant received "ongoing treatment for occipital neuralgia after successful treatment of atypical face pain," Dr. Naftulin assigned Claimant a 5% WBI rating, the "highest" available, for her occipital neuralgia. *Id.* at 29, Ex. No. 2. He noted that Claimant received a 0% WBI rating for any accepted diagnoses that had either resolved or for which Claimant was asymptomatic.[4] Naftulin deposition, 1/6/20, at 28-29.

Dr. Naftulin's opinion did not consider whether Claimant required additional treatment for her diagnosed conditions or whether she could return to her pre-injury job, as the purpose of an IRE did not include such determinations. *Id.* at 36-37. Dr. Naftulin agreed that his initial calculation of Claimant's WBI did not consider her diagnosed tinnitus, central auditory process disorder, damage to her right cochlea, or her mild bilateral hearing loss. *Id.* at 35, 38. Therefore, Dr. Naftulin reviewed

---

[4] Dr. Naftulin found no evidence of ongoing lacerations or contusions, for example, and he assigned 0% impairment to those diagnoses. Naftulin deposition, 1/6/20, at 28. Dr. Naftulin's calculation of Claimant's WBI was likewise unaffected by Claimant's deviated septum, which had been repaired and from which Claimant reported no ongoing problems. *Id.* Claimant's back injury was no longer symptomatic and Dr. Naftulin attributed any limitations in Claimant's range of motion to a cervical fusion that preexisted the September 21, 2015 work injury. *Id.*

4

additional medical records relating to those diagnoses and recalculated Claimant's WBI, which he opined was 30%. C.R., Item No. 20, Naftulin deposition, 8/26/20, *Id.* at 10-11, 14. Dr. Naftulin reiterated his opinion that Claimant had achieved MMI. *Id.* at 15.

During cross-examination, Dr. Naftulin conceded he did not perform a hearing test as part of the February 26, 2019 IRE. *Id.* at 21. He did, however, review Claimant's audiology records as part of the IRE. *Id.* at 16-17. Dr. Naftulin clarified that, to perform an IRE, one does not have to be a specialist for every diagnosed condition; rather, one must "know how to use the [AMA] Guides and the concepts behind performing [an IRE]." *Id.* at 27. Dr. Naftulin has performed IREs for approximately 20 years, since the inception of the IRE process, and he commonly evaluates individuals for conditions that he does not regularly treat. *Id.* at 27-28. Occasionally, he will refer a claimant to a specialist for additional testing as part of the IRE process. *Id.* at 27. A referral is unnecessary, however, if the necessary testing results are "already in the records[.]" *Id.*

The WCJ granted Employer's modification petition on February 26, 2021. C.R., Item No. 4. The WCJ credited Claimant's testimony regarding her limitations that relate to the work injury, and the WCJ found that her residual symptoms were consistent with Dr. Naftulin's assessment that Claimant had a WBI of 30%.

The WCJ also credited Dr. Naftulin's testimony as "credible, persuasive, and unrebutted[,]" noting that "Dr. Naftulin explained the history, complaints, and findings on examination" that factored into his calculation of Claimant's WBI, and the percentage he attributed to each of Claimant's diagnoses. *Id.*, F.F. No. 25. Based on the evidence presented, the WCJ concluded that Employer established that Claimant's WBI fell below the threshold required to modify her disability benefits

from total to partial under Section 306(a.3) of the Act, effective February 26, 2019. *Id.*, C.O.L. No. 1.

Claimant appealed to the Board, arguing that the WCJ's finding with respect to Dr. Naftulin's credibility was not supported by competent evidence. C.R., Item No. 5. Claimant also argued that the WCJ's conclusion that Employer established the elements necessary to modify Claimant's benefits under Section 306(a.3) of the WC Act was not supported by "competent evidence or pertinent authority." *Id.* In its October 19, 2021 opinion, the Board noted that Claimant argued for the first time on appeal that she had never received total disability benefits under the WC Act, and, therefore, the WCJ erred in modifying her benefits pursuant to Section 306(a.3). C.R., Item No. 7, Bd. op. at 7. Because Claimant had not previously raised that issue before the WCJ, the Board deemed it waived. *Id.*

The Board also rejected Claimant's challenge to the competency of Dr. Naftulin's testimony and opinions, as Dr. Naftulin assessed Claimant's condition at the time of the IRE, and he was not required to address conditions that had resolved. *Id.* Claimant's assertion that Dr. Naftulin failed to specifically consider her diagnosed trigeminal neuralgia was refuted by Dr. Naftulin's testimony that he assigned Claimant the "highest rating under the AMA Guides[,]" in light of her continued occipital neuralgia. Naftulin deposition, 1/6/20, at 29, Ex. No. 2. Dr. Naftulin "provided an opinion on the injuries that [were] accepted and adjudicated as work-related." Bd. op. at 8. The Board noted that Claimant provided no authority to support her contention that Dr. Naftulin's opinions should be rejected because he

6

did not specialize in the treatment of Claimant's diagnosed conditions. Accordingly, the Board affirmed the WCJ. This appeal followed.[5]

## II. Issues

On appeal, Claimant argues that the WCJ could not modify her benefits under the WC Act, because she has not received the 104 weeks of total disability benefits necessary to trigger the IRE provisions in Section 306(a.3) of the Act. Claimant also argues that the WCJ erred in relying on Dr. Naftulin's IRE to modify her benefits, as it failed to consider all of Claimant's accepted work injuries.

## III.   Discussion

## A. Act 534 Benefits

Claimant first argues that she has never received total disability benefits under the WC Act. Rather, Claimant only receives Act 534 benefits for her work injury. Claimant maintains that her receipt of Act 534 benefits cannot be considered when determining whether she received 104 weeks of total disability benefits under the WC Act.

Act 534 benefits are similar to those provided under what is commonly known as the Heart and Lung Act (HLA),[6] which provides full-salary benefits to police officers, firefighters, and other public safety employees injured on the job. Like

---

[5] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap)*, 81 A.3d 830, 838 (Pa. 2013).

[6] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637-638. Section 1(a) of the HLA relevantly provides that an employee enumerated in Section 1(a) who is injured in the performance of his or her duties "shall be paid by the Commonwealth of Pennsylvania . . . his [or her] full rate of salary . . . until the disability arising therefrom has ceased." 53 P.S. § 637(a). Any compensation received under the WC Act "shall be turned over to the Commonwealth of Pennsylvania . . . and paid into the treasury thereof, and if such payment [is not made, it] shall be deducted from any salary then or thereafter becoming due and owing." *Id.*

7

Section 1(a) of Act 534, Section 1(a) of the HLA anticipates that an injured employee may seek benefits under both the HLA and the WC Act; however, the Commonwealth is entitled to recoup the amount of disability benefits a claimant receives under the WC Act. 53 P.S. § 637(a). Given the similarities in purpose and construction between the HLA and Act 534, our analysis of one statutory provision may be applied to the other. *Polk Ctr./Dep't of Pub. Welfare v. Workmen's Comp. Appeal Bd. (Pochran)*, 682 A.2d 889, 894 (Pa. Cmwlth. 1996). When a self-insured employer begins paying benefits under the HLA pursuant to an NCP, two-thirds of the amount paid automatically represents the payment of workers' compensation benefits under the WC Act. *Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Excalibur Ins. Mgmt. Servs.)*, 32 A.3d 291, 294 (Pa. Cmwlth. 2011). Such a conclusion is premised on the understanding that a claimant receiving either HLA or Act 534 benefits, whose employer is insured by a third party, would forward the insurer's payment of disability benefits to the employer in fulfillment of its right to subrogation for any workers' compensation paid. *Id.* at 294. A self-insured employer, however, would not be expected to pay workers' compensation to a claimant who would simply return the check as mandated by the relevant provision of either the HLA or Act 534. *Id.* It therefore stands to reason that a self-insured employer paying a claimant's full salary under the HLA or Act 534 would "hardly reimburse itself for that portion of a claimant's benefits that represents benefits under the [WC] Act." *Id.* (quoting *Wisniewski v. Workmen's Comp. Appeal Bd. (City of Pittsburgh)*, 621 A.2d 1111, 1113 (Pa. Cmwlth. 1993)).

In *Wisniewski*, 621 A.2d at 1113, this Court held that a self-insured employer, which issued an NCP but only paid benefits under the HLA, could seek termination of a claimant's benefits under the WC Act, as two-thirds of her HLA benefits

8

represented the payment of workers' compensation benefits. In *Polk*, 682 A.2d at 895, we applied this principle to a claimant's receipt of Act 534 benefits. In *Nelson v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)* (Pa. Cmwlth., No. 692 C.D. 2015, filed December 10, 2015),[7] we held that a claimant's receipt of Act 534 benefits constituted the receipt of total disability benefits under the WC Act and her workers' compensation benefits were accordingly subject to modification by an IRE.

Instantly, the Board declined to address Claimant's argument that she had never received total disability benefits under the WC Act, and the WCJ could not modify those benefits, because she had not previously raised it before the WCJ. Section 703(a) of the Administrative Agency Law provides that a party may not raise on appeal any question not raised before the agency. 2 Pa.C.S. § 703(a). *See also* Pa.R.A.P. 1551 (no question shall be heard by this Court that was not raised before the governmental unit).[8] While a litigant may make new arguments in support of a preserved issue, she cannot advance "an entirely new and different theory of relief for the first time on appeal." *Arnold v. Workers' Comp. Appeal Bd. (Lacour Painting, Inc.)*, 110 A.3d 1063, 1071 (Pa. Cmwlth. 2015).

We agree with the Board that Claimant has waived this issue. Claimant's appeal to the Board raised the following issues: (1) "[F.F. No.] 25 is not supported

---

[7] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code § 69.414(a).

[8] Rule 1551 provides three exceptions to the general rule that this Court may not review questions not raised before the governmental unit. We may address questions concerning the validity of a statute, the subject matter jurisdiction of the governmental unit, and questions that the petitioner could not, through the exercise of due diligence, have raised before the governmental unit. Pa.R.A.P. 1551(a)(1)-(3). The issues raised by Claimant do not implicate any of the exceptions to the general rule.

by competent evidence[;]" and (2) "[C.O.L. No.] 1 is not supported by competent evidence or pertinent authority." C.R., Item No. 5. The first issue questions the WCJ's credibility determination with respect to Dr. Naftulin. The second issue challenges the WCJ's conclusion that Employer sustained its burden of demonstrating that Claimant's disability benefits should be modified based on the February 26, 2019 IRE. While these issues call into question the sufficiency of the IRE, and the competency of Dr. Naftulin's testimony and opinions, they do not suggest that the prerequisites for requesting an IRE have not been satisfied.

The WCJ held five separate hearings in this matter,[9] and at no point did Claimant suggest that Employer acted prematurely in seeking an IRE because she had not received the weeks of total disability benefits necessary to trigger the IRE process in Section 306(a.3) of the WC Act. The three decisions rendered by Judge Kutz likewise provide no indication that a dispute existed regarding Claimant's receipt of total disability benefits under the WC Act.

Even had Claimant not waived her first argument, it would not provide her relief, as Employer is self-insured[10] and our precedent holds that two-thirds of Claimant's Act 534 benefits represents the payment of total disability benefits under the WC Act. Employer's NCP indicates that Claimant began receiving Act 534 benefits on September 22, 2015. C.R., Item No. 21. The October 8, 2018 stipulation

---

[9] The WCJ conducted hearings on August 22, 2019, October 21, 2019, April 13, 2020, July 13, 2020, and October 19, 2020. C.R., Item Nos. 9-13.

[10] This Court takes judicial notice that the Commonwealth of Pennsylvania is designated as a self-insured employer for workers' compensation purposes on the official website of the Pennsylvania Department of Labor and Industry. Workers' Compensation Insurance, Self-Insured Employers, https://www.dli.pa.gov/Businesses/Compensation/WC/insurance/Pages/Self-Insured-Employers-A-C.aspx (last visited Apr. 27, 2022). *See Hill v. Dep't of Corr.*, 64 A.3d 1159, 1165 n.3 (Pa. Cmwlth. 2013) (taking judicial notice of policies and handbooks that appear on the Department of Corrections' official website).

10

of facts executed by the parties acknowledged that Claimant continued to receive Act 534 benefits in lieu of total disability benefits under the WC Act. C.R., Item No. 17 at 6. Nothing in the record suggests that Claimant did not receive Act 534 benefits continuously throughout this three-year period, and she has not argued otherwise. Therefore, Claimant's receipt of Act 534 benefits for a period exceeding 104 weeks satisfies the prerequisite necessary for Employer to seek an IRE under Section 306(a.3) of the WC Act.

### B. Sufficiency of IRE

Next, Claimant argues that the WCJ erred in granting Employer's modification petition because Dr. Naftulin's February 26, 2019 IRE failed to consider all of Claimant's accepted diagnoses. Claimant generally questions the sufficiency and extent of Dr. Naftulin's physical examination and Claimant suggests that Dr. Naftulin offered no opinion regarding her tinnitus, central auditory process disorder, damage to her right cochlea, her mild bilateral hearing loss, or her trigeminal neuralgia. While Claimant acknowledges that, after the February 26, 2019 IRE, Dr. Naftulin reviewed additional medical records relating to her auditory conditions, she contends that his calculation and opinion of her WBI is incompetent, as Dr. Naftulin did not reevaluate her in person. Claimant further maintains that Dr. Naftulin never considered the accepted diagnosis of trigeminal neuralgia. Claimant provides no authority to support her assertion that a subsequent, in-person evaluation was required.

The burden in an IRE proceeding rests with the employer. *Westmoreland Reg'l Hosp. v. Workers' Comp. Appeal Bd. (Pickford)*, 29 A.3d 120, 127 n.10 (Pa. Cmwlth. 2011). A physician performing an IRE must consider and determine whether a claimant's particular impairment relates to a compensable injury, and a

11

WCJ may reject an IRE that fails to address conditions attributable to that injury. *Duffey v. Workers' Comp. Appeal Bd. (Trola-dyne, Inc.)*, 152 A.3d 984, 989 (Pa. 2017). A physician's IRE is not rendered invalid, however, where the physician finds no objective evidence of residual impairment caused by an accepted work injury. *Pickford*, 29 A.3d at 126. The purpose of the IRE is to present a "snapshot of the claimant's condition at the time of the IRE, not a survey of the claimant's work-related injuries over a period of time." *Id* at 128.

An IRE is "entitled to no more or less weight than the results of any other examination[,]" and a WCJ's decision should be affirmed, providing the "essential findings are supported by substantial evidence and there has been no constitutional violation, procedural irregularity, or error of law." *IA Constr. Corp. v. Workers' Comp. Appeal Bd. (Rhodes)*, 139 A.3d 154, 158, 161 (Pa. 2016). A WCJ is the ultimate finder of fact and arbiter of credibility and evidentiary weight. *Id.* at 161. In executing this role, the WCJ is free to accept or reject, in whole or in part, the testimony of any witness. *Lindemuth v. Workers' Comp. Appeal Bd. (Strishock Coal Co.)*, 134 A.3d 111, 125 (Pa. Cmwlth. 2016). It is irrelevant whether the record contains evidence to support findings other than those made by the WCJ, as the inquiry before this Court is whether the existing evidence supports the findings actually made. *Id.*; *See also Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.)*, 873 A.2d 25, 29 (Pa. Cmwlth. 2005).

Instantly, having reviewed the entire record, we agree with the Board that Dr. Naftulin considered all of Claimant's diagnosed conditions relating to her work injury before assigning Claimant a 30% WBI rating. Claimant's principal brief primarily focuses on whether Dr. Naftulin addressed Claimant's trigeminal neuralgia when calculating her WBI. A diagnosis of "trigeminal neuralgia and/or atypical face

pain" was added to the description of Claimant's work injury by Judge Kutz's January 4, 2019 decision, based on the credited testimony of Claimant's surgeon, James McInerney, M.D. C.R., Item No. 16, F.F. No. 17(a). Claimant responded "extremely well" to Dr. McInerney's 2017 surgical treatment of her trigeminal neuralgia, "experiencing significant improvement of her symptoms[.]" *Id.*, F.F. No. 9(d).

In his first deposition, Dr. Naftulin specifically acknowledged Claimant's trigeminal neuralgia diagnosis, and the surgery performed by Dr. McInerney in 2017 to treat this condition. Naftulin deposition, 1/6/20, at 16. Dr. Naftulin's testimony and written report both reflect that Claimant primarily complained of right-sided occipital pain during the February 26, 2019 IRE. *Id.* at 17, Ex. No. 2. Claimant self-reported that her current diagnoses included occipital neuralgia, and she continued to treat for this condition. *Id.* Based on Claimant's ongoing treatment for occipital neuralgia, Dr. Naftulin assigned Claimant a 5% WBI for this condition,[11] which demonstrates his understanding that, as of February 26, 2019, Claimant's trigeminal neuralgia symptoms had improved following the 2017 surgery, but she continued to suffer from occipital neuralgia.

We also discern no merit to Claimant's assertion that Dr. Naftulin failed to address her auditory conditions. Dr. Naftulin conceded during his first deposition that he had not considered Claimant's tinnitus, central auditory process disorder, damage to her right cochlea, or her mild bilateral hearing loss when he initially calculated her WBI. He rectified this omission with a subsequent review of additional medical records, including the results of hearing tests and audiology reports. Thereafter, he determined that Claimant's WBI was 30%. The WCJ

_____

[11] It is noteworthy that Claimant has not asserted she would have received a higher rating for trigeminal neuralgia versus occipital neuralgia.

13

credited Dr. Naftulin's testimony and opinions and we will not disturb his credibility determinations based on the record before us.

## IV. Conclusion

Claimant's receipt of Act 534 benefits represents the receipt of total disability benefits under the WC Act. The WCJ credited Dr. Naftulin's opinion assigning Claimant a WBI rating of 30%, and this Court will not overturn that determination. Accordingly, we conclude that the WCJ did not err in modifying Claimant's total disability benefits to partial disability, pursuant to Section 306(a.3) of the WC Act, and we affirm the Board.

_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Cutter,                         :
           Petitioner            :
                          :
      v.                         :   No. 1170 C.D. 2021
                          :
Commonwealth of Pennsylvania          :
(Workers' Compensation Appeal         :
Board),                               :
           Respondent            :

# O R D E R

AND NOW, this 27th day of April, 2022, the October 19, 2021 order of the

Workers' Compensation Appeal Board is hereby AFFIRMED.

                                      _____
                                      ELLEN CEISLER, Judge