IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Lynch,                  :
                                      :
                 Petitioner    :
                                      :
             v.                : No. 1202 C.D. 2021
                                      : Submitted: March 18, 2022
Commonwealth of Pennsylvania   :
(Workers' Compensation Appeal   :
Board),                        :
                                      :
                 Respondent   :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION BY JUDGE WOJCIK                 FILED: April 29, 2022

John Lynch (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) granting the Commonwealth of Pennsylvania's (Employer or Commonwealth) Modification Petition based on an Impairment Rating Evaluation (IRE), and modifying Claimant's disability benefits from total to partial disability pursuant to Act 111 of 2018 (Act 111), which added Section 306(a.3) of the Workers' Compensation Act (WC Act).[1] Claimant argues that his full salary

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714, No. 111 (Act 111), 77 P.S. §511.3. Act 111 repealed Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. §511.2, and added Section 306(a.3) of the WC Act. Section 306(a.3)(1) of the WC Act provides that a claimant who has received total disability **(Footnote continued on next page…)**

benefits under Act 534[2] do not constitute workers' compensation benefits necessary to trigger the IRE process under Section 306(a.3) of the WC Act. Upon review, we affirm.

benefits for 104 weeks must submit to an IRE conducted pursuant to the American Medical Association (AMA) "Guides to the Evaluation of Permanent Impairment," Sixth Edition (second printing April 2009) (Sixth Edition of the AMA Guides), which calculates the claimant's degree of impairment due to the compensable injury. 77 P.S. §511.3(1). If a claimant's whole-body impairment rating is less than 35%, the claimant shall receive partial disability benefits pursuant to Section 306(a.3)(2) of the WC Act, 77 P.S. §511.3(2).

[2] Act 534, sometimes referred to as Act 632, refers to Section 1 of the Act of December 8, 1959, P.L. 1718, *as amended*, 61 P.S. §951. The history of Act 534 reveals:

> The Act, as originally enacted, covered only employees of state penal and correctional institutions and was commonly referred to as Act 632. In 1961, the Legislature amended Section 1 of Act 632 and extended benefits to employees of state mental hospitals, youth development centers and county boards of assistance, and employees of the Department [of Public Welfare] who have been assigned to or have volunteered to join the firefighting force of the Department's institutions. The Act, as amended in 1961, is commonly known as Act 534. Act 534 was repealed by Section 11(d) of the Act of August 11, 2009, P.L. 147, effective October 13, 2009, to the extent that it covered employees of state correctional institutions. Benefits of those employees are now provided in Section 1101 of the Prisons and Parole Code, 61 Pa. C.S. §1101.

*McWreath v. Department of Public Welfare*, 26 A.3d 1251, 1254 n.2 (Pa. Cmwlth. 2011). Section 1 of Act 534 provides, in relevant part:

> [A]ny employe of a State mental hospital or Youth Development Center under the Department of Public Welfare, who is injured during the course of his employment by an act of . . . any person confined in such institution or by any person who has been committed to such institution by any court of the Commonwealth of Pennsylvania or by any provision of the [Mental Health Procedures Act, Act of July 9, 1976, P.L. 814, *as amended*, 50 P.S. §§7101-7503 ("Mental Health Act")] . . . shall be paid, by the Commonwealth of Pennsylvania, his full salary, until the disability arising therefrom

**(Footnote continued on next page…)**

2

## I. Background

The facts are not in dispute. Claimant sustained two injuries while working for Employer in a state mental hospital run by the Department of Public Welfare.[3] On December 29, 2012, Claimant sustained the first work-related injury (2012 Injury). Employer accepted liability for the 2012 Injury by issuing a Notice of Compensation Payable (NCP), which initially described the injury as a left knee and right shoulder strain and was later amended to include an exacerbation of preexisting degenerative arthritis, which eventually required left knee replacement surgery.

On September 9, 2014, Claimant sustained a second work-related injury (2014 Injury). The parties entered into a March 1, 2016 Supplemental

> no longer prevents his return as an employe of such department ... or institution at a salary equal to that earned by him at the time of his injury.
>
> All medical and hospital expenses incurred in connection with any such injury shall be paid by the Commonwealth of Pennsylvania until the disability arising from such injury no longer prevents his return as an employe of such department ... or institution at a salary equal to that earned by him at the time of his injury.
>
> During the time salary for such disability shall be paid by the Commonwealth of Pennsylvania any workmen's compensation received or collected for such period shall be turned over to the Commonwealth and paid into the General Fund, and if such payment shall not be so made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing. . . . .

61 P.S. §951.

[3] The "Department of Public Welfare" was redesignated as the "Department of Human Services" in 2014. *See* Section 103 of Human Services Code, Act of June 13, 1967, P.L. 31, *as amended*, added by the Act of September 24, 2014, P.L. 2458, 62 P.S. §103.

Agreement (2016 Supplemental Agreement), in which Employer agreed to reinstate temporary total disability (TTD) benefits effective January 27, 2016, for the 2014 Injury, which was described as a right shoulder rotator cuff tear. The 2016 Supplemental Agreement noted that Act 534 benefits were being paid in lieu of TTD benefits. WCJ Op., 4/16/21, Finding of Fact (F.F.) No. 4; Certified Record (C.R.) at 19-20.[4]

On August 12, 2020, Employer filed two Modification Petitions under Act 111 -- one regarding the 2012 Injury and the other regarding the 2014 Injury -- seeking to change Claimant's disability status from total to partial based on the results of an IRE performed on June 2, 2020, which yielded a whole-body impairment rating of less than 35%. Claimant did not file an answer.

By decision and order circulated on April 16, 2021, the WCJ denied the Modification Petition arising out of the 2012 Injury and granted the Modification Petition arising out of the 2014 Injury, which is the subject of this appeal. With regard to the 2014 Injury, the WCJ found that Claimant had received 104 weeks of TTD for the 2014 Injury prior to the June 2, 2020 IRE. F.F. No. 12. The WCJ explained:

> While the Claimant does receive an amount equal to his
> full salary under Act 534, the Insurer[5] pays workers'

---

[4] Because the Certified Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

[5] This Court takes judicial notice that Employer is designated as a self-insured employer for workers' compensation purposes on the official website of the Pennsylvania Department of Labor and Industry. *See* Workers' Compensation Insurance, Self-Insured Employers, *https://www.dli.pa.gov/Businesses/Compensation/WC/insurance/Pages/Self-Insured-Employers-A-C.aspx* (last visited April 28, 2022). *See Hill v. Department of Corrections*, 64 A.3d 1159, 1165
**(Footnote continued on next page…)**

4

compensation [TTD] benefits to [] Employer, which then adds sufficient amounts to the workers' compensation benefits to bring the sum up to the level of the Act 534 benefits, and the total is then paid to [] Claimant. Accordingly, Claimant receives workers' compensation [TTD] benefits plus additional amounts added to equal his Act 534 rate.

F.F. No. 13; C.R. at 21. The WCJ found that Act 111 permits a credit for TTD benefits paid prior to the effective date of Act 111 for purposes of calculating the 104 weeks. F.F. No. 14; C.R. at 21. Based on the results of the IRE, the WCJ determined that Employer established entitlement to a modification of benefits as set forth in the 2016 Supplemental Agreement from total to partial disability status as of June 2, 2020, the date of the IRE.[6]

Claimant appealed to the Board. Claimant argued, in relevant part, that the WCJ erred in modifying his benefit status because he had not received 104 weeks

_____

n.3 (Pa. Cmwlth. 2013) (this Court may take judicial notice of policies and handbooks that appear on the Department of Corrections' official website).

The "Insurer" referred to by the WCJ is Inservco Insurance Services, Inc. (Insurer), which provides third-party administration (also known as "TPA") services to self-insured employers, like Employer. The Insurer utilizes funds that belong to Employer to pay benefits. *See Commonwealth of Pennsylvania v. Workers' Compensation Appeal Board (Piree)*, 182 A.3d 1082, 1084 (Pa. Cmwlth. 2018).

[6] Section 413(a) of the WC Act provides:

A [WCJ] . . . may, at any time, review and modify or set aside a [NCP] and an original or *supplemental agreement* or upon petition filed by either party with the department, or in the course of the proceedings under any petition pending before such [WCJ], if it be proved that such [NCP] or agreement was in any material respect incorrect.

77 P.S. §§771-772 (emphasis added).

5

of TTD as of the time of the IRE because he was receiving wage continuation benefits under Act 534, not TTD benefits under the WC Act.

The Board rejected Claimant's argument. The Board opined that Act 534 benefits are intended to supplement, not replace, workers' compensation and occupational disease benefits. Act 534 does not prevent an employer from initiating proceedings under Act 111. The Board ultimately concluded that Act 534 benefits count towards the 104 weeks of total disability benefits under Act 111. Because Claimant had received over 104 weeks of benefits as of June 2, 2020, Claimant met the prerequisites for an IRE. Based on the IRE results, which yielded a whole-body impairment rating of less than 35%, Employer was entitled to a modification of benefits from total to partial. Thus, the Board affirmed. Claimant's appeal to this Court now follows.[7]

## II. Issue

Claimant argues that the WCJ and Board committed clear errors of law by determining that he was subject to an IRE under Act 111 and modifying his benefits based on the results. Claimant maintains that he was not subject to an IRE on June 2, 2020, because he had not yet received 104 weeks of total disability benefits under Section 306(a.3) of the WC Act, 77 P.S. §511.3. Section 306(a.3) of the WC Act clearly provides that an employee must receive 104 weeks of total disability benefits under Section 306(a) of the Act, 77 P.S. §511, before those benefits may be modified based upon an IRE. Section 306(a) specifically and

---

[7] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037, 1042 n.3 (Pa. Cmwlth. 2011). As to questions of law, our standard of review is *de novo* and our scope of review is plenary. *Pitt-Ohio Express v. Workers' Compensation Appeal Board (Wolff)*, 912 A.2d 206, 207 (Pa. 2006).

6

exclusively relates to workers' compensation benefits, not Act 534 benefits. Under Act 534, an employee receives his full salary, not workers' compensation benefits. Nothing in Act 534 allows for the modification of an employee's benefits based on an IRE. Because Claimant received only Act 534 benefits and had not received any workers' compensation benefits for his 2014 Injury, let alone the 104 weeks necessary, Claimant was not subject to an IRE under Act 111. On this basis, Claimant maintains that the modification of his benefits must be reversed.

## III. Discussion

Section 306(a.3) of the WC Act provides for IREs to evaluate the degree of permanent impairment caused by a work injury and for the change of a claimant's disability status from total disability to partial disability based on the degree of impairment determined by the IRE. 77 P.S. §511.3. Section 306(a.3)(1) of the WC Act provides, in relevant part:

> *When an employe has received total disability compensation pursuant to [Section 306(a) of the WC Act, 77 P.S. §511,] for a period of one hundred and four weeks*, unless otherwise agreed to, *the employe shall be required to submit to a medical examination* which shall be requested by the insurer within sixty days upon the expiration of the one hundred and four weeks to determine the degree of impairment due to the compensable injury, if any. . . .

77 P.S. §511.3(1) (emphasis added). If a valid IRE results in an impairment rating of less than 35%, the claimant is entitled only to partial workers' compensation disability benefits. Section 306(a.3)(2) of the WC Act, 77 P.S. §511.3(2). Under Section 306(b)(1) of the WC Act, a claimant's receipt of partial disability benefits is limited to 500 weeks. 77 P.S. §512(b)(1).

Section 306(a) of the WC Act provides:

7

The following schedule of compensation is hereby established:

(1) For total disability, sixty-six and two-thirds per centum of the wages of the injured employe as defined in section 309 beginning after the seventh day of total disability, and payable for the duration of total disability, but the compensation shall not be more than the maximum compensation payable as defined in section 105.2. Nothing in this clause shall require payment of compensation after disability shall cease. If the benefit so calculated is less than fifty per centum of the Statewide average weekly wage, then the benefit payable shall be the lower of fifty per centum of the Statewide average weekly wage or ninety per centum of the worker's average weekly wage.

(2) Nothing in this act shall require payment of total disability compensation benefits under this clause for any period during which the employe is employed or receiving wages.

77 P.S. §511.

The question before us is whether Claimant's receipt of full salary benefits under Act 534 constitutes receipt of "total disability compensation" under Section 306(a) of the WC Act for purposes of triggering Act 111's IRE mechanism. We turn to Act 534.

Act 534 was passed by the General Assembly to assure that state workers in positions at institutions considered more dangerous than normal would receive full salary during periods of work-related disability. Section 1 of Act 534, 61 P.S. §951. The applicable positions are employees of "a State penal or correctional institution under the Bureau of Correction of the Department of

8

Justice[8] and . . . a State mental hospital or Youth Development Center under the Department of Public Welfare." *Id.* Pursuant to Act 534, the Commonwealth employer pays a "full salary" to any employee "injured during the course of his employment" by a person confined in one of the above-mentioned facilities "until the disability arising therefrom no longer prevents his return as an employee of such department, board or institution at a salary equal to that earned by him at the time of his injury." *Id.*

Significantly, Act 534 benefits are "intended to supplement, not replace, workers' compensation and occupational disease benefits." *McWreath v. Department of Public Welfare*, 26 A.3d 1251, 1256 (Pa. Cmwlth. 2011). "'[A]n injured worker may receive workers' compensation benefits simultaneously with Act 534 benefits.'" *YDC New Castle-PA DPW v. Workers' Compensation Appeal Board (Hedland)*, 950 A.2d 1107, 1110 n.3 (Pa. Cmwlth. 2008) (quoting *Polk Center/Department of Public Welfare v. Workmen's Compensation Appeal Board (Pochran)*, 682 A.2d 889, 892 (Pa. Cmwlth. 1996)). "If that occurs, however, the Commonwealth is subrogated to the claimant's right for any workers' compensation payments made and is entitled to deduct any payments made directly to the claimant under the [WC Act] from his future salary or benefits paid under Act 534." *Id.* (citing *Polk Center*, 682 A.2d at 892); *accord* 61 P.S. §951. As clearly expressed in Section 1 of Act 534:

> During the time salary for such disability shall be paid by the Commonwealth of Pennsylvania any workmen's compensation received or collected for such period shall

---

[8] The powers and duties of the Department of Justice contained in this section have been transferred to the Office of General Counsel, pursuant to Section 502 of the Commonwealth Attorneys Act, Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §732-502.

9

> be turned over to the Commonwealth and paid into the General Fund, *and if such payment shall not be so made, the amount so due the Commonwealth shall be deducted from any salary then or thereafter becoming due and owing*.

61 P.S. §951 (emphasis added).

Act 534 is similar in "purpose and construction" to the act commonly known as the Heart and Lung Act (HLA).[9] *Polk Center*, 682 A.2d at 894. Under both acts, the purpose of providing for full salary is to assure those undertaking dangerous employment in certain institutions will continue to receive full income if they are injured while performing their duties. *McWreath*, 26 A.3d at 1255. Neither act relieves the employer from its continuing obligations to pay workers' compensation benefits for the work injury. *City of Erie v. Workers' Compensation Appeal Board (Annunziata)*, 838 A.2d 598, 604 (Pa. 2003); *McWreath*, 26 A.3d at 1256. Indeed, an employer's obligation to pay HLA benefits, or Act 534 benefits, "is concurrent with, not in lieu of, its obligation pursuant to the workers' compensation scheme." *Annunziata*, 838 A.2d at 604 (internal quotation and citation omitted) (pertaining to HLA benefits); *accord YDC New Castle*, 950 A.2d at 1110 n.3 (pertaining to Act 534 benefits). Likewise, nothing in the WC Act eliminates the responsibility of an employer to pay workers' compensation to an injured employee who is receiving HLA benefits, or Act 534 benefits. *See Annunziata*, 838 A.2d at 604. Both acts require employees to turn over to their employers any workers' compensation benefits received. Section 1(a) of the HLA, 53 P.S. §637(a); Section 1 of Act 534, 61 P.S. §951; *Polk Center*, 682 A.2d at 894. Therefore,

---

[9] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§637-638. The HLA provides police officers and other public safety employees, who are temporarily unable to perform their duties because of a work injury, their full salary. Section 1 of the HLA, 53 P.S. §637; *Stermel v. Workers' Compensation Appeal Board*, 103 A.3d 876, 877 (Pa. Cmwlth. 2014).

caselaw concerning HLA benefits is applicable to the interpretation of Act 534. *Polk Center*, 682 A.2d at 894; *Mihok v. Department of Public Welfare*, 580 A.2d 905, 907 (Pa. Cmwlth. 1990). For our purposes here, cases in which the public employer was self-insured for workers' compensation purposes are particularly instructive.[10]

Under the HLA, a self-insured employer paying HLA benefits for a work injury may fulfill its obligation to pay workers' compensation benefits by issuing an NCP for the injury without making additional benefit payments to the employee. *Annunziata*, 838 A.2d at 604-06 & n.7; *City of Philadelphia v. Workers' Compensation Appeal Board (Ford–Tilghman)*, 996 A.2d 569, 574 (Pa. Cmwlth. 2010). As our Supreme Court explained:

> [I]n circumstances where the employer is self-insured, it would be an exercise in futility to mandate that the employer pay [workers' compensation] benefits to the claimant and then require the claimant to turn around and remit them back to the employer. To avoid this absurdity, in such a situation, it would be proper for the employer to issue a revised NCP and refuse to pay [workers' compensation] benefits.

*Annunziata*, 838 A.2d at 605 n.7. Consequently, when a self-insured employer is required to pay HLA benefits in addition to workers' compensation benefits, "two-thirds of the amount paid" in HLA benefits "automatically represents workers' compensation benefits." *Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (Excalibur Insurance Management Service)*, 32 A.3d 291, 294-95 (Pa. Cmwlth. 2011); *accord Wisniewski v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 621 A.2d 1111, 1113 (Pa. Cmwlth. 1993). The employer may assert rights under the WC Act on the ground that the HLA payments

---

[10] With Act 534 benefits, the Commonwealth employer is self-insured, whereas under the HLA, many municipal employers are insured with private insurance carriers.

encompass payments of workers' compensation disability benefits. *See Excalibur Insurance Management Service*, 32 A.3d at 294 (self-insured employer entitled to seek reimbursement from the Supersedeas Fund under the WC Act[11]); *Wisniewski*, 621 A.2d at 1113 (self-insured employer that issued NCP but only paid HLA benefits could seek termination of benefits under WC Act).

*Excalibur Insurance Management Service* and *Wisniewski* are controlling here. *See Nelson v. Workers' Compensation Appeal Board (Commonwealth of Pennsylvania)* (Pa. Cmwlth., No. 692 C.D. 2015, filed December 10, 2015)[12] (comparing Act 534 benefits to HLA benefits and concluding that a claimant's receipt of Act 534 benefits constituted the receipt of TTD under a prior version of the WC Act for modification purposes). Similar to those cases, Employer here is self-insured, and, by issuing the 2016 Supplemental Agreement, Employer accepted Claimant's 2014 Injury and agreed to reinstate Claimant's TTD benefits effective January 27, 2016, for which it paid Claimant Act 534 benefits. F.F. No. 4. The WCJ found, and Claimant does not dispute, that he received Act 534 benefits for more than 104 weeks prior to the June 2, 2020 IRE. F.F. No. 12. As with HLA benefits, two-thirds of the Act 534 payments that Claimant received represents total disability benefits under the WC Act as a matter of law. *See Excalibur Insurance Management Service*; *Wisniewski*. Thus, Claimant "received total disability compensation pursuant to [the WC Act] for a period of one hundred four weeks," thereby triggering the IRE process under Act 111. 77 P.S. §511.3(1). Because Employer made payments as mandated by the WC Act, Employer is afforded all

---

[11] *See* Section 443(a) of the WC Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §999(a).

[12] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported opinion of this Court for its persuasive value. 210 Pa. Code §69.414(a).

rights thereunder, including the right to seek modification of Claimant's workers' compensation benefits under Section 306(a.3) of the Act. To conclude otherwise and deny the Employer the ability to seek a modification of benefits under Act 111 simply because Claimant was entitled to additional benefits under a separate statutory provision would be contrary to the law.

## IV. Conclusion

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Lynch,                          :
                                     :
                    Petitioner       :
                                     :
        v.                           :  No. 1202 C.D. 2021
                                     :
Commonwealth of Pennsylvania         :
(Workers' Compensation Appeal        :
Board),                              :
                                     :
                    Respondent       :

# **O R D E R**

AND NOW, this 29th day of April, 2022, the order of the Workers'
Compensation Appeal Board, dated October 29, 2021, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge